## BANK OF COMMERCE *v.* WRIGHT.

### Opinion delivered March 27, 1897.

PROMISSORY NOTE—TRANSFER—VALUABLE CONSIDERATION.—A preexisting indebtedness, without more, is not such a valuable consideration for a transfer of a negotiable promissory note made for accommodation only, before its maturity, to a transferee having no notice of its character, as to make such transferee a *bona fide* holder for value.

SAME—SUFFICIENCY OF CONSIDERATION.—A transfer of negotiable promissory notes as collateral in lieu of notes which the transferrers had been permitted to withdraw, upon their promise to turn over the proceeds to the transferee, which promise they had failed to keep, is upon a sufficient consideration to constitute the transferee a holder for value.

SAME—SUFFICIENCY OF CONSIDERATION.—Extension of the time of payment of an existing debt is a sufficient consideration to constitute the transferee of a note as collateral security for such debt a holder for value.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

STATEMENT BY THE COURT.

The Bank of Commerce held the note of Reinman & Simon for a considerable amount, and to secure its payment they transferred to the bank as collateral security two notes of W. H. Wright made to them for $1,250 each, before their maturity, in lieu of notes of J. E. Biscoe which the bank had held as collateral to the debt of Reinman & Simon to it, but which they had obtained of the bank, before the time when the Wright notes were deposited with it, for the purpose of collecting the same and paying the proceeds to the bank. They failed to pay over the proceeds, and, having been pressed by the bank, transferred to the bank as collateral security these two notes executed to them by W. H. Wright, which were accommodation notes, and for which, it appears, Wright received no consideration. These notes were negotiable at the German National Bank of Little Rock. The note of Reinman & Simon, to secure the payment of which these Biscoe notes were transferred to the bank as collateral, bore date in February, 1892. On the 18th of March, 1892, after the Biscoe notes were obtained from the bank by Reinman & Simon, upon the understanding that they were to collect the same and pay over the proceeds to the bank, and after the Wright notes had been transferred to the bank as collateral security, the bank allowed Reinman & Simon to renew their note to it, as follows, to wit:

"$4,425.          Little Rock, Ark., March 18, 1892.

"Thirty days after date, we promise to pay to the order of the Bank of Commerce forty four hundred and twenty-five dollars for value received, negotiable and payable without defalcation or discount at the Bank of Commerce, with interest after date at the rate of 10 per cent. per annum until paid, having deposited or pledged with said bank, as collateral security for the payment of

this or any other liability or liabilities of the undersigned already or hereafter contracted to said bank, the following : One note of A. M. Woodruff for $3,375, two notes of W. H. Wright for $2,500, one note of Kelley & Wilson for $800. Now, in the event of the non-payment of this note at maturity, the holder thereof is hereby vested with full authority to use, transfer, hypothecate, sell or convey the said property, or any part thereof, or to cause the same to be done at public or private sale, with or without notice or demand of any sort, at such place and on such terms as the said holder hereof may deem best, and the holder of this note is authorized to purchase said collateral, when sold, for his own protection; and the proceeds of such sale, transfer, or hypothecation shall be applied to the payment of this note, together with all protests, damages, interest, costs, and charges due upon note by or incurred by reason of non-payment when due, or in the execution of this power. The surplus, if any, after payment of this note, together with all charges above stated, shall be paid to the drawer of this note, or, at the election of the holder thereof, be paid on any other obligation of the drawer hereof, whether as principal debtor or otherwise, held by the holder hereof, and if the proceeds of the above shall not be sufficient to pay this note, the drawer hereof agrees to make good any deficit. If, at any time before the maturity of this note, said collateral should depreciate below their present value, which is estimated at ——, the holder hereof is hereby authorized to sell said collateral at any time before the maturity of this note.

Due April 17-20, 1892.          Reinman & Simon."

The note of Reinman & Simon being due and unpaid, Wright was sued upon his notes transferred to the bank by Reinman & Simon, and answered. He denies indebtedness on the notes, and contends that they were

accommodation notes, and that he received no consideration for their execution; that they were transferred to the bank to secure a pre-existing indebtedness, and that the bank gave no new consideration for the transfer, and that the pre-existing indebtedness of Reinman & Simon to the bank was not a valuable consideration; that the bank was not a *bona fide* transferee for value. He also shows an agreement between himself and Reinman & Simon that the notes were to be negotiated in St. Louis, and not in Little Rock, and contends that there was a diversion, by reason of their having negotiated them in Little Rock. It was shown that the bank had no notice of the fact that the Wright notes were accommodation notes, or of the agreement above mentioned. The plaintiff moved the court to give the jury the following instructions, to wit:

"1. If the jury believe from the evidence that the Bank of Commerce received the two notes in suit from Reinman & Simon, the payees therein, before maturity, without notice at the time that they had been given by Wright for the accommodation of the payees, whether in substitution of other collaterals or otherwise, in pledge for an actual indebtedness owing by said Reinman & Simon to the bank, they will find for the plaintiff. And it will be no defense to the suit of said bank herein to show that said notes were diverted from the use for which they were intended, if such was the case, unless said bank knew of said diversion at the time said notes were delivered to it."

"2. It was no diversion of said notes, within the meaning of the law, that, though given to be negotiated in St. Louis, they were in fact negotiable in Little Rock."

But the court refused to give the first instruction, to which ruling of the court the plaintiff at the time excepted. And the court gave to the jury the following

written instruction: "The court instructs the jury that if they find that the debt for which the Wright notes were given as collateral was a pre-existing debt, and that no new consideration at the time of receiving such notes was given by the bank, but they were accepted simply as such additional security for the debt then held against Reinman & Simon, then the bank would not be a holder for value, and against it Wright may plead any equitable defense he had against Reinman & Simon. And if they further find that the notes in suit were accommodation notes, as between Wright and Reinman & Simon, and they paid him no valuable consideration for them, then the bank cannot recover." To the giving of which instruction the plaintiff at the time objected, but said objection was overruled. To which ruling the plaintiff at the time excepted, and asked time to note its exceptions of record, which was given.

And the court supplemented its written instruction with the following verbal remarks to the jury:

"A holder, for a valuable consideration, of commercial paper before maturity, such as Wright's notes in this case on their face, takes it free from any equitable defenses as between prior parties. And if you should find that the bank gave any new consideration for it, such as extension of time granted on the original debt, or the relinquishment, at the time and as a consideration for such notes, of other security it held, this would make it a holder for value, and protect it against prior equitable defenses between the parties. For instance, if the bank at the time gave up the Biscoe notes from Reinman & Simon, this would be a valuable consideration, and would protect the bank. But if the bank had, before that time, surrendered to Reinman & Simon the Biscoe notes, on a contract to return them or the proceeds, and Reinman & Simon had failed, as they agreed, to return

the Biscoe notes, and had turned in these notes afterwards, as an independent transaction, this would be simply furnishing them as collateral security on a then existing indebtedness of Reinman & Simon to the bank, and would not make the bank the holder of this paper for a valuable consideration, and would not protect the bank against prior equities."

Judgment having been rendered for defendant on the verdict, a motion for a new trial was interposed. The motion for a new trial sets out the causes herein complained of. It was overruled. And this appeal has been taken to correct the error in the court below.

*Morris M. Cohn* for appellant.

The appellee was a *bona fide* holder for value before maturity of the note sued on, within the law merchant. Colebrooke, Col. Sec. sec. 18, *et seq.*; 42 Ark. 22; 13 Ark. 150; 102 U. S. 14; 16 Pet. 1; 102 U. S. 23, 24, 27, etc.; 1 Wharton, Cont. sec. 532. Appellee failed to make out a case of *diversion.*

*S. R. Cockrill* and *Ashley Cockrill* for appellee.

The transfer of accommodation paper as collateral security for a pre-existing debt does not protect a pledgee, who gives no consideration therefor, against the equities of the maker. 98 Pa. St. 250; 65 N. W. Rep. 349; 13 Ark. 150; 21 *id.* 18; 2 Am. Lead. Cases, 243; Edwards, Bills and Notes, *322; *ib.* 321; Tiedeman, Com. Paper, sec. 158, p. 259; 32 Minn. 409. By pledging the notes in Little Rock, the payees violated the agreement that they should only be discounted in St. Louis, and the accommodation maker can set this up as a defense against a holder who took the notes for a pre-existing debt. 69 N. Y. 502; Edwards, Bills and Notes, *320, 321; 131 N. Y. 506; 126 *id.* 60; 16 Oh. 283.

Existing
debt as con-
sideration.
HUGHES, J., (after stating the facts.) There was
no error in the court's refusal to give the first instruc-
tion asked for by the defendant. While the decisions
are at variance upon the question whether a pre-existing
indebtedness, without more, is a valuable consideration
for the transfer of a negotiable promissory note made
for accommodation only, before its maturity, without
notice that it is accommodation paper by the transferee,
so as to make the transferee a *bona fide* holder for value,
our court has taken position on that question. In the
case of *Bertrand* v. *Barkman*, 13 Ark. 159, the court,
through Scott, J., said : "There can be no doubt of the
general proposition of law in reference to commercial
notes that, when it is shown, in an action against the
maker by the holder, that it was without considera-
tion, * * * * * the holder, to protect himself
against the equities of the maker, must show that he
acquired the paper before it matured, and that he is a
*bona fide* holder for a valuable consideration, or, to speak
more technically, it must have been received in 'due
course of trade, for value.' This proposition is so indis-
putably fixed that it is unnecessary to resort to reason-
ing or to cite authority to sustain it." Further on he
says: "When, however, the note is transferred by way
of indemnity against probable future loss, or from an
existing liability, or of collateral security for a pre-
existing debt, it is not such a holding for value as comes
within the rule."

Considera-
tion held
sufficient.
This is, according to our decisions, the settled rule.
Yet in this case was there not a new consideration?
Reinman & Simon had agreed that they would collect
the Biscoe notes, and pay the proceeds to the bank, and,
having failed to turn over the proceeds of the Biscoe
notes to the bank, upon being threatened by the bank,
they placed the Wright notes as collateral in lieu of the

Biscoe notes, which they had been permitted to withdraw, or the proceeds. In the opinion of a majority of the court, this was a sufficient consideration moving from the bank to Reinman & Simon to fix the liability of Wright to the bank, and to constitute the bank a *bona fide* holder for value.

Besides, the uncontradicted proof is that the notes of Wright were held as collateral by the bank at the time the note of Reinman & Simon was renewed, and the time extended for its payment, and the fact that they were placed as collaterals, by the terms of the renewal note, furnishes indisputable evidence that the extension of time was induced by the collaterals given, and that it was so understood at the time by the parties. The bank was entitled to recover judgment on these notes against Wright.

The written instruction given by the court is correct, and accords with the authority of *Bertrand* v. *Barkman, supra,* and the principle above laid down. The first paragraph of the oral instruction given by the court is correct, but the other part of the instruction was calculated to mislead the jury; for it appears that when the note of Reinman & Simon was renewed, and the time extended by the bank for its payment, these notes were continued as collateral security, and, we think, were an inducement to the bank to extend the time for payment, and were so designated and understood by Reinman & Simon. Reversed and remanded for a new trial.

Wood, J., dissents.