## BOQUA *v.* BRADY.

### Opinion delivered May 24, 1909.

1. BILLS AND NOTES—ACCOMMODATION PAPER—DEFENSE.—As between the original parties to a note, the maker may set up as a defense that he signed the note for accommodation merely. (Page 513.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF FINDINGS OF FACT.—Findings of fact by a court sitting as a jury are as conclusive as the verdict of a jury, and will not be disturbed if there be evidence to support them. (Page 514.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Robert L. Rogers,* for appellant.

The note here is an unconditional promise to pay a stipulated sum, executed by the appellee, and in possession of the appellant. The presumption is that it has not been paid, and the burden of proving payment would rest on the maker. 4 Am. & Eng. Enc. of L. 77; 65 Ga. 221; 49 Ark. 508; 42 Ark. 22. The holder of a bill or note is presumed to be a holder for value, and the consideration is also presumed. The burden is upon the defendant to prove want of consideration, as also the want of *bona*

*fides* in the holding.   1 Am. & Eng. Enc. of Law, 368; Norton . on Bills & Notes, 310, § 128; 64 Ark. 466; Daniel, Neg. Inst. 304. The instrument itself is the best evidence of the drawer's obligation, and parol evidence of an agreement made contemporaneously is inadmissible to qualify it.   4 Am. & Eng. Enc. of L. 484 and cases cited; 67 Ark. 66; 75 Ark. 55; 30 Fed. 38; 55 Vt. 451; 38 Kan. 36; 108 Ind. 324; 110 Ind. 408.

*F. A. Youmans,* for appellee.

The trial court's finding as to the consideration of the note upon the evidence introduced is conclusive.   40 Ark. 144; 60 Ark. 83; 70 Ark. 512.

HART, J.   This is a suit brought by James Brady against A. E. Boqua, Jr., in the Sebastian Circuit Court, Fort Smith District, for an amount alleged to be due upon an open account.

Boqua answered, admitting that he was indebted to Brady in the sum of $283.17 on open acount; but pleaded as a set-off that Brady was indebted to him in the sum of $1,080, as evidenced by a promissory note of said Brady for the sum of $1,000 and the accrued interest.

Brady pleaded want of consideration, and averred that he executed the note for accommodation merely.

The cause was tried before the court, sitting as a jury.   The court found that there was no consideration for the note, and rendered judgment in favor of the plaintiff, Brady.   The defendant, Boqua, Jr., has duly prosecuted an appeal to this court.

The court below, having found that there was no consideration for the note and that it was executed for accommodation merely, denied Boqua's plea of set-off.

The only question presented for our review is as to the correctness of the finding and holding of the circuit court in this respect.

Mr. Joyce in his work of Defenses to Commercial Paper, par. 269, says: "As between the original or immediate parties, the want of consideration of an accommodation note may be shown; that is, as between such parties, the maker may set up as a defense that he signed the note for accommodation merely."

Mr. Daniel defines an accommodation bill or note to be "one to which the accommodating party has put his name without

consideration, for the purpose. of accommodating some other party who is to use it and is expected to pay it;" and says that between the accommodating and accommodated parties the consideration may be shown to be wanting. I Daniel on Negotiable Instruments, 5th Ed., § 189.

This rule has been recognized by this court in the case of *Bertrand* v. *Barkman,* 13 Ark. at p. 159, and in the later case of *Bank of Commerce* v. *Wright,* 63 Ark. 604. See, also, *Johnston* v. *Schnabaum,* 86 Ark. 82.

Brady testified unequivocally that there was no consideration whatever for the note, and that he signed it merely for the accommodation of Boqua, Jr., and the circuit court, sitting as a jury, so found. The weight of the evidence was a question for the trial court.

It has been repeatedly held by this court that the findings of fact by a court sitting as a jury are as conclusive as the verdict of a jury, and will not be disturbed if there be evidence to support them. *Dunnington* v. *Frick Co.,* 60 Ark. 250; *Mason* v. *Gates, ante* p. 375, and cases cited.

Finding no prejudicial error in the record, the judgment is affirmed.