EXCHANGE NATIONAL BANK v. COE.

Opinion delivered April 4, 1910.

BILLS AND NOTES—TRANSFER AS SECURITY FOR ANTECEDENT DEBT.—One who receives a negotiable note before maturity as collateral security for a pre-existing debt may be a holder for value in due course of business.

Appeal from Jackson Circuit Court; *Charles Coffin*, Judge · reversed.

*Gustave Jones, W. B. Smith* and *D. D. Terry*, for appellant.

Possession with ostensible title makes a *prima facie* case. 13 Ark. 163; 48 Ark. 454; 88 Ark. 98; 1 Dan. Neg. Inst., p. 186 and 806. The holder of collateral taken before maturity is a *bona fide* holder. 102 U. S. 25; 99 Fed. 18; 60 S. W. 1006; 41 Ark. 418; 42 Ark. 22. *Poirier* v. *Morris,* 20 Law & Equity 103. And the United States courts are in accord with the English law on the subject, as laid down in *Swift* v. *Tyson,* 13 Peters 1; 99 Fed. 18; 110 U. S. 288; 2 Fed. 843; 52 Fed. 98; 8 Cal. 260; 18 La. An. 222; 102 U. S. 28; 62 U. S. 432; 26 Vt. 569; 62 Am. Dec. 592. See also 9 Cyc. 932; 1 Am. & Eng. Ann. Cases, p. 272, reporting *Berket* v. *Elward,* 68 Kan. 295, and note thereto on page 275, containing a full collation of the authorities on this subject. Under such circumstances the maker is entitled to no set off. 31 Ark. 20; 60 Fed. 754; 55 S. W. 35; 28 Ark. 336; 2 Dan. Neg. Inst. 1437.

*Stuckey & Stuckey,* for appellant.

The holder of a promissory note as collateral is not a *bona fide* holder. 13 Ark. 160; 63 Ark. 610.

HART, J. On the 27th day of April, 1906, C. B. Coe executed his note for $600 to the Bank of Newport. The note was made payable to the order of the Bank of Newport at Newport, Arkansas, on November 1, after date. The Bank of Newport was indebted to the Exchange National Bank of Little Rock, Arkansas, in a sum greater than the amount of the note. The indebtedness was due, and the Bank of Newport was being pressed by the Exchange National Bank for payment, or for security for the amount due. On the 28th day of April, 1906, the Bank of Newport indorsed the note in question, and sent it to the Exchange National Bank as collateral security for said in-

debtedness. As such indorsee, the Exchange National Bank brought this suit on the note against C. B. Coe, the maker.

From the judgment rendered against it the plaintiff has appealed to this court.

The evidence on the part of the defendant was sufficient to show such fraud in law on the part of the Bank of Newport as would have been available to him as a defense had the suit been brought by it.

The undisputed evidence shows that the plaintiff had no notice of any such defense as between the original parties to the note.

The sole question, then, raised by the appeal is, can a person who receives a negotiable promissory note before its maturity, merely as collateral security for a pre-existing debt, be held to take it in the usual course of business and be considered a holder for value?

The question has never been decided by this court unless it can be said to have been determined in the cases of *Bertrand* v. *Barkman,* 13 Ark. 163, and *Bank of Commerce* v. *Wright,* 63 Ark. 604.

In the case of *Bertrand* v. *Barkman, supra,* the note was indorsed to the holder after its maturity. For that reason the question of law presented by the record in this case was not properly before the court for its decision, and what was said by the court on the question can be no authority except the persuasive force of the language used and the personnel of the judges sanctioning it.

In the case of *Bank of Commerce* v. *Wright,* 63 Ark. 604, the question was again considered by the court, and the rule announced in the case of *Bertrand* v. *Barkman* was quoted and approved; but the transfer in that case was accompanied by other transactions or promises, which the court held to constitute a new consideration. Hence the proposition of law raised by the record here was not properly before the court in that case, and what was there said will not be treated as a precedent. So, it may be said that the question is now squarely before us for the first time.

The decisions of the Federal, English and Canadian courts are to the effect that the holder of a negotiable note taken as

collateral security for a pre-existing debt is a holder for value in due course of business, and as such is protected against the latent equities of third parties

In the case of *Railroad Company* v. *National Bank*, 102 U. S. 14, the court having under consideration, the precise question said: "The bank did not take the note in suit as a mere agent to receive the amount due when it suited the convenience of the debtor to make payment. It received the note under an obligation imposed by the commercial law to present it for payment and give notice of non-payment in the mode prescribed by the settled rules of that law. We are of the opinion that the undertaking of the bank to fix the liability of prior parties by due presentation for payment and due notice in case of non-payment—an undertaking necessarily implied by becoming a party to the instrument—was a sufficient consideration to protect it against equities existing between the other parties, of which it had no notice. It assumed the duties and responsibilities of a holder for value, and should have the rights and privileges pertaining to that position."

After further discussion the court continued: "Our conclusion, therefore, is that the transfer, before maturity, of negotiable paper as security for an antecedent debt merely, without other circumstances, if the paper be so indorsed that the holder becomes a party to the instrument, although the transfer is without express agreement by the creditor for indulgence, is not an improper use of such paper, and is as much in the usual course of commercial business as its transfer in payment of such debt. In either case the *bona fide* holder is unaffected by equities or defenses between prior parties of which he had no notice."

The decisions of the State courts are in hopeless conflict: some of them adopting the rule of the Federal courts, and others holding that, inasmuch as the indorsee parts with nothing, and is in no worse situation that he was before, he is not a purchaser for value. However, the same argument might be made in the case of the indorsee who takes negotiable paper before maturity in payment of an antecedent unsecured debt. This court has held that one who takes negotiable paper in payment of an antecedent debt before maturity and without notice,

actual or otherwise, receives it in due course of business, and becomes within the meaning of commercial law a holder for value. *Evans* v. *Speer Hardware Co.,* 65 Ark. 210, and cases cited.

The trend of modern decisions is in favor of the rule adopted in the Federal courts as tending to promote uniformity in the different jurisdictions. This is considered important in view of the increased dealings between the citizens of the different States, and because the courts of the National Government do not recognize the decisions of the State courts on the question.

Therefore, we decide that the indorsee of negotiable paper taken before maturity, as collateral security for an antecedent indebtedness, in good faith, and without notice of defenses which might have been available as between the original parties, holds the same free from such defenses. The decisions on the question are collected in a note to 7 Cyc., p. 932, and later cases, in a note to the case of *Birket* v. *Elward,* 1 Am. & Eng. Ann. Cases, p. 272.

For the reason given in the opinion, the judgment will be reversed and the cause remanded for a new trial.