Boozer v. Anderson et al.

---

BOOZER v. ANDERSON ET AL.

•

PROMISSORY NOTE: *Stipulation to pay attorney's fee to collect void.*
  A stipulation in a promissory note to pay the attorney's fee for collecting, if collected by suit, is void.

42  167
63  231

42  167
77  138

42  167
83  244

APPEAL from *Jefferson* Circuit Court, in Chancery. Hon. J. A. WILLIAMS, Circuit Judge.

*McCain & Crawford* for appellant.

A provision in a note for an attorney's fee in case of suit, does not destroy its negotiability. (*35 Ark., 147.*) Such a stipulation is valid, in the absence of fraud. *59 Penn., 204; 4 Watts, 126; 8 Wright, 32; 1 P. F. Smith, 7; 2 P. & H. R., 110; 34 Ill., 149; 8 Blackf., 140; 1 Ind., 331; 29 Ib., 158; 32 Ib., 321; 34 Ib., 334; 35 Ib., 104;*

*38 Ib., 323 ; 32 Iowa, 184 ; 11 Bush., 180 ; 23 La. Ann.,
767 ; etc., etc.*

As to the right to decree attorney's fees in cases of this
kind, see *Jones on Mortgages, secs. 359 and 1606.*

*Martin, Taylor & Martin* for appellees.

No lien was retained in the deed for the attorney's fee,
but only for the note and interest.

Although negotiable, notes with a stipulation to pay
attorney's fees like this, are void. *Daniel on Neg. Inst., sec.
62 a, p. 72–3, 3d ed. ; 11 Bush., 182 ; 14 Ib., 214; 39
Mich., 138 ; 40 Ib., 517 ; 11 Neb., 95 ; 10 Ohio, 378 ; 11 Ib.,
417 ; 63 Mo., 33 ; 84 Pa. St., 407.*

Such provisions are in the nature of a penalty, and
equity should interfere to relieve.

Sмітн, J. Boozer sold and conveyed to the ancestor of
the appellees, a lot of land in the town of Pine Bluff, for
the consideration of $1,500, of which $500 were paid, and
for the remainder a note was made. This note contained
a stipulation that, in the event suit became necessary to
collect it, the maker would pay an attorney's fee of ten per
cent. on the amount that should be recovered. The deed
which was made recites the note and stipulation for an at-
torney's fee, and provides that, until the note is paid, a ven-
dor's lien is reserved to secure the same. On a bill filed to
enforce this lien, the court below entered a decree for the
unpaid purchase money with interest, but refused to decree
for the attorney's fee.

In *Overton v. Matthews, 35 Ark., 146,* and in *Trader v. Chid-
ester, 41 Ib., 242,* this court held that the insertion of such
a stipulation in a promissory note does not destroy the ne-
gotiable character of the instrument. About the validity
of such stipulations there has been, and is a great diver-

sity of judicial opinion. They are of recent origin, and courts of equal authority and respectability have condemned and sustained them. To us it appears clear, even to demonstration, that they are agreements for a penalty. The obligor agrees to pay a certain sum of money if he shall fail to perform the contract contained in another clause of the same instrument. Now courts of equity abhor penalties and forfeitures. So far from lending their aid actively to enforce them, they are inclined to relieve against them, when it can be done consistently with their rules. Compensation and not forfeiture is their aim. Accordingly they consider that when a debtor pays the debt, with interest for its detention and costs of suit, he ought not to be mulcted in a further sum. Whenever the injury is susceptible of definite admeasurement, as it is in all cases where the breach consists in the non-payment of money, the parties will not be allowed to stipulate for a greater amount, whether in the form of a penalty or of liquidated damages. *2 Lead. Cas. in Eq. Pt. 2* [*1095*], *et seq., 4 Am. ed.; notes to the case of Peachy v. Duke of Somerset; Bispham Pr. Eq., secs. 178–9; 2 Sto. Eq. Jur., sec. 1314.*

It is also difficult to perceive by what consideration such a contract is supported. The land in the case was sold for $1,500. There was a cash payment of $500 and a note for $1,000 bearing ten per cent. interest from date until paid. What consideration was there for the promise to pay the attorney's fee in case of foreclosure? This was certainly no part of the purchase money, and could not be charged on the land, as we are asked to do.

The following cases have held such stipulations to be void, although they do not all place it upon the grounds we have announced : *Bullock v. Taylor, 39 Mich., 139,* per COOLEY, J ; *Meyer v. Hart, 40 Ib., 517 ; Witherspoon v. Musselman, 14 Bush., 214; Toole v. Stephen, 4 Leigh, 581; State,*

*Use, etc., v. Taylor, 10 Ohio, 378; Shelton v. Gill, 11 Ib. 417; Martin v. Trustees, 13 Ib., 250 ; Dow v. Updyke, 11 Neb., 95 ; Merchants Nat. Bank v. Sevier, 14 Fcd. Rep., 662 (U. S. Cir. Court, East Dist. Ark., per* CALDWELL and MCCRARY, JJ).

Affirmed.