ARDEN LUMBER COMPANY *v.* HENDERSON IRON WORKS & SUP-

PLY COMPANY.

Opinion delivered June 3, 1907.

1. EVIDENCE—VARYING WRITTEN CONTRACT BY PAROL.—A warranty resting in parol can not be engrafted upon a written contract of sale of a chattel. (Page 242.)

2.  SALE OF CHATTEL—DEFENSE—DECEIT.—It is no defense to a suit for the purchase price of chattels that the vendor made false representations to the vendee in regard to their value unless such representations were made with a fraudulent intent to deceive. (Page 243.)

3.  PENALTY—EXTRATERRITORIAL ENFORCEMENT.—Although a stipulation for attorney's fees on default in a note payable in another State is enforcible in that State, it will be treated as a penalty in this State, and will not be enforced. (Page 244.)

4.  TRIAL—IMPROPER ARGUMENT.—Whatever prejudice was caused, in a suit to recover the price of certain machinery, by improper remarks of plaintiff's counsel to the effect that defendant had bought similar machinery from another person and failed to pay for it was removed by the court's instruction to disregard the remarks and by their withdrawal by the counsel who made them. (Page 244.)

Appeal from Little River Circuit Court; *James S. Steel.* Judge; affirmed with modification.

### STATEMENT BY THE COURT.

This was a suit by appellee against appellant on notes given by appellant to appellee, for the purchase price of certain ma-

1. It was error to instruct the jury, in the event they found for plaintiff, to add ten per cent. of the face of the notes as attorney's fee. Such contracts are not enforceable here, even though the contract was made in Louisiana. 70 Ark. 494; 56 Ark. 45; 41 Ark. 243; 42 Ark. 167

2. The sixth instruction requested by appellant should have been given. 53 Ark. 159.

3. The case should be reversed because of improper questions and argument of counsel, the prejudicial effect of which could not be removed from the minds of the jurors by any new so-called withdrawal by counsel nor by any reprimand by the court.

*J. T. Cowling,* for appellee.

1. The contract in this case is in writing, and the only worranty therein was that the machinery was guarantied to be as represented, the words "as represented" appearing as set out in that contract. This warranty cannot be enlarged or extended by parol evidence. 38 Ark. 334. Where the buyer undertakes to investigate the property before concluding the contract of purchase, and does so, as in this case, the vendor in no wise prevent-

ing a full and fair examination, the buyer cannot afterwards claim that the seller made false representations respecting the property investigated, and that he relied thereon.    125 U. S. 247; 135 U. S. 609; 76 Ill. 71; 80 Ill. 477; 6 Ind. 219; 7 Ind. 539. Where a false representation is a mere matter of commendation or expression of opinion, the courts will not interfere to correct errors of judgment.    66 N. C. 236.    See also 70 L. R. A. 349; 137 N. C. 652; 137 Fed. 332; 54 Mich. 186; 77 Ill. 104; 80 Ill. 477.

2.    The notes show on their face that they were executed and payable at Shreveport, La., the law of which State authorizes and enforces stipulations for attorney's fees.    36 La. An. 65; 39 *Id.* 397; 41 *Id.* 832; *Id.* 209; 46 *Id.* 469; 49 *Id.* 144; 39 *Id.* 379.    And the courts of this State will adjudicate the rights of parties to contracts made and to be enforced in another State in the same way they would be adjudicated in the courts of that State 47 Ark. 54.

3.    The sixth instruction requested by appellant was properly refused.    11 Ark. 38; 38 Ark. 334; 60 Ark. 387.

WOOD, J., (after stating the facts.)    First.    The sale of the machinery for which the notes in suit were executed was evidenced by written contract in the form of a proposal by appellee to furnish appellant certain sawmill machinery in which each piece is described in detail, giving name, kind, make and dimensions.    The proposition was accepted by appellant June 25, 1905, as follows:

"The W. K. Henderson Iron Works and Supply Co., Ltd.

"Shreveport, La.

"Dear Sir: The proposition as written is accepted."

The machinery for the price of which appellee sues on account was likewise bought by appellant on written order to appellee in which each piece of machinery desired is minutely described, giving name, dimensions, etc.    This order was accepted by appellee, and the machinery shipped as ordered.    In a supplement to the written proposal to furnish the machinery are these words:    "It is also understood that our machinery is guarantied to be as represented, and, if not, we propose to make same satisfactory."

These writings constituted the completed contracts be-

tween appellant and appellee. The only written guaranty was that the machinery should be "as represented" in the written contract. The circuit court might very properly have narrowed the defense of breach of warranty to the question of whether or not the machinery was as represented in the written contract. As to all other matters alleged as breach of warranty, the contract was silent, and appellant could not as to these engraft upon the written contract a warranty by parol proof. *Lower* v. *Hickman,* 80 Ark. 505; *Johnson* v. *Hughes, ante* p. 105. The court, however, did not so construe the contract, and permitted appellant to take a wide range in the proof to show that appellee had guarantied that the machinery sold appellant had a certain quality and capacity not mentioned in the written contract, and that the machinery did not fulfill this guaranty.

The court also permitted appellant to go into the question of whether or not appellee had made false and fraudulent representations to appellant concerning the kind, quality and capacity of the machinery, whereby appellant was induced to purchase same. These questions, with an instruction as to the measure of damages in case the jury should find for appellant on the theory of false warranty, were presented to the jury in instructions given at the request of appellant. We are of the opinion that, under the pleadings and proof in the case, these questions should not have been submitted as was done by the court; but, if the court erred in this, it was not an error of which appellant could complain. If we concede that the theory of appellant as to false warranty and false representations with intent to deceive and defraud entered into the case, even then we do not find in any of the instructions error prejudicial to appellant, under familiar principles often passed upon by this court. The request of appellant for instruction number 6, upon the theory that appellant was entitled to recover upon false representations, was not the law, according to numerous cases of the court, for the instruction leaves out the idea that the false representations must have been made with the intent to deceive and defraud. *Louisiana Molasses Co., Ltd.,* v. *Ft. Smith Wholesale Gro. Co.,* 73 Ark. 542; *Johnson* v. *St. Louis Butchers' Supply Co.,* 60 Ark. 387. We find no error prejudicial to appellant in any of the rulings of the

court on the question of breach of warranty, or the defense of false and fradulent representations.

Second. The court instructs the jury at the instance of appellee as follows: "If you find for the plaintiff on the notes sued on, you will add ten per cent. to the face of said notes as attorney's fees." Although the stipulation for attorney's fees is good and enforcible in Louisiana where the notes in suit were executed and are made payable, yet in our State such stipulations will not be enforced. They are held to be agreements for a penalty. *Boozer* v *Anderson,* 42 Ark. 167. We will not enforce such contracts. Penal statutes are not extraterritorial; and while the rule of comity will impel us to enforce contracts in another State as to the principal and lawful interest on such contracts, it does not require us to enforce stipulations that would be for a penalty under our law, and we will not enforce contracts that are contrary to the policy of our own laws. *Crebbin* v. *Deloney,* 70 Ark. 493. Appellant, having sought to enforce its contract for attorney's fees in this forum, where such contracts are in the nature of a penalty and cannot be enforced, must be governed by the law of the forum where it seeks the remedy. Therefore the judgment is excessive as to the amount of attorney's fees, and will be modified by deducting that amount.

Third. The remarks of counsel, of which appellant complains, were improper. But we are of the opinion that the ruling of the court in instructing the jury not to consider them, and the withdrawal of the remarks by the counsel who made them, would remove any prejudice that otherwise might have been produced.

The judgment as modified is affirmed, appellee paying the costs of this appeal.