## ROWE v. STATE.

Opinion delivered June 24, 1907.

1. FISH—INDICTMENT FOR UNLAWFULLY CATCHING—DUPLICITY.—An indictment for unlawfully catching fish with a net and a seine in the waters of this State is bad for duplicity. (Page 246.)

2.  SAME—CONSTRUCTION OF STATUTE.—The proviso in Kirby's Digest, §
    3600, allowing the use of a seine with meshes not less than four inches
    square, applies only to seines, and not to the other devices mentioned
    therein.  (Page 246.)

Appeal from Prairie Circuit Court; *Eugene Lankford,*
Judge; reversed.

*W. A. Leach,* for appellant.

The demurrer should have been sustained.  Kirby's Dig. c.
69, § 3600; 22 Cyc. p. 376, 380, 382.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* As-
sistant, for appellee.

All seines are nets: the word *seine* is mere surplusage, and
only one offense is charged.  68 Ark. 487; 20 L. R. A. 52.

McCULLOCH, J.  Appellant was convicted of the offense of
unlawful fishing in Cache River, and appeals to this court.  The
indictment charges that he did "unlawfully catch fish with a *net*
and a *seine* in the waters of this State, to-wit: Cache River," etc.,
and the proof tended to show that he fished with a trammel net.
A demurrer was filed to the indictment on the ground that it
charged the commission of two separate offenses, and the de-
murrer was overruled.  Did the court err in overruling it?

The statute on which the indictment is founded is as fol-
lows:  "No person shall be allowed to place, erect, or cause to
be placed or erected, or maintained in any of the waters of this
State  *  *  *  *  any seine-net, gill-net, trammel-net, set-net,
bag-weir, bush-drag, any fish-trap or dam, or any other device
or obstruction, or by any such means to take or catch any fish in
the waters of this State.  *  *  *  Provided, further, it shall not
be unlawful for any person or persons to use a seine with meshes
not less than four inches square, and any person using a seine
with meshes less than four inches in width shall be guilty of a
misdemeanor, and upon conviction shall be fined in any sum not
less than twenty-five dollars, nor more than fifty dollars, and
such nets are hereby declared a nuisance, and no person shall be
liable to the owners for destroying the same; and it is hereby
made the duty of all sheriffs, constables and other peace officers
to destroy all such nets unlawfully used," etc.  Kirby's Digest,
§ 3600.

The next section of the statute prescribes a fine of not less than five dollars nor more than two hundred dollars as a penalty for each violation.

It is readily seen that the statute in question makes the use, in catching fish, of a seine with meshes less than 4 inches in width a separate and distinct offense from that of using any of the other devices mentioned in the statute, and a different penalty is prescribed therefor. The indictment in this case charged the use of both a seine and a net, and therefore improperly embraced two separate offenses.

This is not an instance of an indictment charging the commission of one offense in two different ways, but of an indictment charging in the same count two separate and distinguishable offenses, for which different penalties are prescribed. This can not be done. Nor can the defendant be convicted of using a trammel-net under an indictment charging him with having used a seine. A seine is a kind of net, but a trammel-net is not a seine.

We are therefore of the opinion that the court erred in not sustaining a demurrer to the indictment. Appellant also contends that the court erred in refusing to instruct the jury that the use of a trammel-net with meshes not less than 4 inches in width is not unlawful. The court was right in that respect. That exception in the statute applies only to seines, and not to other devices mentioned.

Reversed and remanded.