WHITE-WILSON-DREW COMPANY v. EGELHOFF.

Opinion delivered October 10, 1910.

1. BILLS AND NOTES—AUTHORITY TO FILL UP BLANKS.—When a negotiable instrument is intrusted by one who signs it to the custody of another with blanks left therein, the instrument carries an implied authority to fill up the blanks. (Page 109.)

2. SAME—AUTHORITY TO FILL BLANKS—EXCEEDING LIMITATION.—Where the authority given to the maker of a promissory note by a surety to fill in a blank as to the amount to be paid was limited to a certain amount, such authority must be strictly pursued; and if it be exceeded, such excess will be available as a defense against the parties to the agreement and those having notice thereof or who are not innocent holders, but not against *bona fide* holders for value and without notice, and the mere fact that such holder knew that the note was signed in blank would not affect his right. (Page 109.)

3. AGENCY—DELEGATION OF AUTHORITY.—While an agent cannot delegate any portion of his power requiring the exercise of discretion or judgment, the rule is otherwise as to powers or duties merely mechanical in their nature, such as the filling of a blank in a note. (Page 110.)

4. BILLS AND NOTES—PRE-EXISTING DEBT AS CONSIDERATION.—The acceptance of a note as payment for a pre-existing debt constitutes a taking in due course of business and for value. (Page 111.)

5. SAME—EXTENSION OF TIME OF PAYMENT AS CONSIDERATION.—The extension of the time of payment of a matured debt is sufficient consideration for a promissory note. (Page 111.)

6. SAME—EFFECT OF STIPULATION AS TO ATTORNEY'S FEE.—The insertion in a note of a stipulation for the payment of an attorney's fee and costs for the collection of the note does not destroy the negotiable character of the instrument, but such stipulation is void and not enforceable here because it is an agreement for a penalty, even though it would be enforceable in the State in which it was executed. (Page 111.)

Appeal from Fulton Circuit Court; *John W. Meeks,* Judge; reversed.

Appellant, *pro se.*

1. When a party signs his name, either as maker, acceptor, indorser or drawer, to a negotiable instrument and intrusts it to another to fill up the contract, he confers upon that other, in favor of *bona fide* holders for value, the right to complete the contract at pleasure, and to bind the party so signing same. 22 How. 97; *Id.* 108; 40 O. 529; 2 Baxt. (Tenn.) 92; 9 Heisk. (Tenn.) 781; 7 Cyc. 529; *Id.* 619; 35 Ark. 146; 33 Ark. 712; 1 Metc. (Ky.) 58; 20 How. 361.

2. It is true that an agent cannot delegate to another the performance of duties which involve the exercise of judgment and discretion, but it is also true that he may delegate to another the execution of duties which are merely mechanical or ministerial, and the performance of such duties by a sub-agent is regarded as the act of the agent, binding upon the principal. 35 Ark. 198; 1 Hill (N. Y.) 501; 60 Mo. 116; 8 N. Y. 398; 31 Cyc. 1428; 108 Ga. 640; 16 Md. 220; 67 Atl. 1068; 51 N. Y. 117; 58 S. W. 953; 50 W. Va. 148; 43 N. W. 800; 6 Harr. & J., 146; 64 Am. Dec. 92; 2 Tex. Civ. App. 524; 3 How. 763.

3. The note sued upon is a Tennessee contract, and appellees are liable for the payment of the 10 per cent. attorney's fee and cost of collection. 13 Pick. (Tenn.) 19. The note was dated at, and made payable in, Memphis, Tennessee. The contract is governed by the law which the parties actually or presumptively intended should govern. 1894 A. C. 202; Quarterly Review (1894) 290-291; 87 Va. 661; 17 Gratt. 47; 12 Wall. 226; 77 N. Y. 573; 84 N. Y. 367; 37 Ala. 702.

4. White-Wilson-Drew Company in accepting Egelhoff's note in settlement of his account with it, without knowledge of any secret understanding between him and Ford, thereby extended Egelhoff's time of payment and became a *bona fide* holder for value. Bigelow on Bills & Notes (2 ed.), 245, and cases cited; 66 Vt. 541; 131 Mass. 397; 3 Cush. 162; 2 Allen 8; 5 R. I. 515; 41 Mich. 397; 3 Kelly 47; 1 Smith (Ind.) 89; L. R. 10 Ex. 153; 14 C. B. N. S. 728; 102 U. S. 14.

*Davis & Pace* and *Hamlin & Seawel,* for appellees.

1. Appellants are not holders for value, the note having been given for a pre-existing indebtedness. 13 Ark. 150; 42 Ark. 22; 2 Humph. (Tenn.) 192; 3 Head (Tenn.) 176. Since no express agreement is shown to extend the time for payment of the alleged account, this case does not come within the rule that a new consideration would constitute appellant a holder for value. 4 Am. & Eng. Enc. of L., § § 295, 296, and cases cited.

2. The promise to pay fees for collection rendered the note non-negotiable. 7 Cyc. 586.

3.  If Egelhoff was Ford's agent for the purpose of filling the blank in the note, he had no right to delegate his authority to another. 92 Pa. St. 227.

FRAUENTHAL, J.   The appellant instituted this suit upon a promissory note against the appellees as the makers thereof. The note is as follows:

"$758.42.                    Memphis, Tenn., November 30, 1907.

"On January 25, 1908, after date we promise to pay to the order of White-Wilson-Drew Company seven hundred fifty-eight and 42-100 dollars at First National Bank, Memphis, Tenn., with 10 per cent. attorney's fees and cost of collection after maturity.   Value received.

"Clarence Egelhoff,
"J. E. Ford."

The testimony on the part of the appellant tended to prove that said Egelhoff was indebted to it upon account, which was past due on November 30, 1907, and that he on that day delivered to it the above note in settlement of said account. Egelhoff brought the note to appellant at its office in Memphis, Tenn., signed by said Ford and blank as to the amount thereof. After examining the appellant's books and arriving at the amount of his indebtedness, Egelhoff directed J. R. Paine, one of the members of appellant, to write the amount thereof in the note, which was done in his presence. Egelhoff then signed the note, and delivered same to appellant in satisfaction of the account.

The testimony on the part of the appellees tended to prove that said J. E. Ford was a resident of Mammoth Spring, Ark., and that Egelhoff came to him at that place, and stated that he was indebted to appellant in a sum of about $110; that the amount had not been definitely determined, but that it would not exceed that sum; that he presented the note with amount thereof and desired him to execute it as surety for him. Thereupon Ford signed the note thus made out in blank with the agreement and direction that Egelhoff would take same to appellant at Memphis and there fill out said blank with the amount of said indebtedness, provided that it did not exceed $110, and, after signing it as maker himself, to deliver same to appellant.

In the bill of exceptions it appears that Egelhoff testified

that at the time he had the settlement with appellant and the amount of his indebtedness was written in the note he did not tell appellant that he was limited by Ford in his authority to fill out the amount of the note. Some time after the bill of exceptions had been duly signed and filed the appellees applied to the lower court for a *nunc pro tunc* order to correct the bill of exceptions relative to the testimony of Egelhoff. It was claimed in said application that Egelhoff testified at the trial of the case that he did notify appellant of the limitation made by Ford on his authority to insert the amount in said note. The lower court refused this application for a *nunc pro tunc* order to correct the record in this particular, and from that order thus overruling said application the appellees have appealed to this court.

The appellant requested the court to give several instructions to the jury, all of which were refused. Among these instructions was the following:

"No. 9. You are further instructed that, should you find that defendant, J. E. Ford, signed the note in blank and gave the defendant, Clarence Egelhoff, authority to fill out the amount in blank, then it would be immaterial for the purpose of this case whether Clarence Egelhoff filled out the blank himself or instructed some one to do it for him; and if you find from the testimony that Egelhoff advised and authorized the filling of the blanks, and they were filled in his presence and for a greater amount than Ford had authorized, yet you should find for the plaintiff unless you find by a preponderance of the testimony that the plaintiff had knowledge of the violation of instructions upon the part of Egelhoff in filling out or permitting the filling out of said note; and the burden to prove such knowledge upon the part of the plaintiff rests upon defendant, J. E. Ford, and unless you so find you should find for the plaintiff."

The court at the request of appellees gave the following instruction:

"No. 3. You are further instructed that, should you find that the defendant Ford had constituted said Egelhoff his agent to fill the blank in said note, that, while he would be bound by the act of Egelhoff in placing the amount therein, still said Egelhoff could not delegate his authority to any one else; and

if you find that some one besides said Egelhoff placed the amount in the blank space in said note, then the defendant, Ford, would not be bound thereby."

The jury returned a verdict in favor of appellant and against said Egelhoff for the amount due upon said note; and against said Ford for $110 and interest. In his answer said Ford had agreed that judgment might be taken against him for $110 and interest. Thereupon the lower court entered a judgment in accordance with the above verdict.

The evidence in this case clearly proves that the appellee Ford signed the note herein sued on with the amount thereof left blank. He instructed Egelhoff to fill said blank when the amount should be definitely determined and to deliver the note to the payee. He contends, however, that he gave this power only to Egelhoff, and limited that power to an amount not exceeding $110. He urges that, because the authority thus given by him was violated in each particular, he is not liable on said note. The note is a negotiable instrument; and when such an instrument is intrusted by one who signs it to the custody of another with blanks left therein, the instrument itself presents an implied authority to perfect the instrument by filling up the blanks. When the extent of the authority given to the party to fill up the blanks is limited, then such authority must be strictly pursued; and if such authority has been exceeded, it will be available as a defense against the parties to such agreement and against those having notice thereof or those who in law are not innocent holders thereof. But such excess of authority will not be available against those who have become *bona fide* holders thereof for value and without notice. The Supreme Court of Ohio in the case of *Fullerton* v. *Sturges,* 4 Ohio St. 529, states this doctrine and the reasons for its adoption as follows:

"No rule is better settled or founded upon stronger reasons than that which affirms the liability of one intrusting his name in blank to another, to the full extent to which said other may see fit to bind him, when the paper is taken in good faith and without notice, actual or implied, that the authority given had been exceeded, or that the confidence reposed had been abused. It has the effect of a general letter of credit, and the rule is

founded, not only upon that principle of general jurisprudence which casts the loss, when one of two equally innocent persons must suffer, upon him who has put it in the power of another to do the injury, but also upon that rule of the law of agency which makes the principal liable for the acts of his agent, notwithstanding his private instructions have been disregarded, when he has held the agent out as possessing a more enlarged authority."

When such paper is complete except that the sum is left blank, and is intrusted to an agent to fill in the sum, the party who signed such paper will be bound to pay any sum that is placed therein by such agent, whether it is in excess of the sum so authorized by him to be put in or not to one who is a *bona fide* holder thereof and without notice of any limitation upon the authority of the person having the paper; and the mere fact that the holder knew that it was signed in blank would not affect the rights of such holder. *Michigan Bank* v. *Eldred*, 9 Wall. 544; *Goodman* v. *Simonds*, 20 How. 343; *Bank of Pittsburg* v. *Neal*, 22 How. 97; 1 Daniel on Neg. Instruments, § 142; *Waldron* v. *Young*, 9 Heisk. 777; *Jones* v. *Shelbyville Fire Ins. Co.*, 1 Metc. (Ky.) 58.

It is further urged by appellees that Egelhoff, with whom he intrusted the paper with power to fill the blank, could not delegate this authority. The general rule is that an agent cannot intrust the performance of the duty or act confided to him to another without special authority from his principal; but this rule only applies to matters in which the agent is required to exercise discretion or judgment, and it does not apply to merely ministerial or mechanical acts. And if such agent directs another to do such merely mechanical or ministerial act in his presence or with his full knowledge, it becomes the act of the agent himself. In the case of *Weaver* v. *Carnall*, 35 Ark. 198, a principal authorized an agent to borrow $500, and sign his name to a note therefor. The agent borrowed the money, and at his request and in his presence another signed the name of the principal to the note. It was there held that this was the act of the agent and in legal effect the act of the principal. In that case this court said: "An agent cannot delegate any portion of his power requiring the exercise of discre-

tion of judgment; otherwise, however, as to powers or duties merely mechanical in their nature." *McCroskey* v. *Hamilton*, 108 Ga. 640; *Lynn* v. *Burgoyne*, 13 B. Monroe 400; *Grady* v. *American Central Ins. Co.*, 60 Mo. 116; *Calhoon* v. *Buhre*, 67 Atl. 1068; *Seymour* v. *Wyckoff*, 10 N. Y. 213.

In the case at bar the testimony tended to prove that Egelhoff used his own judgment in arriving at the sum that he desired to place in the note, and simply requested Paine to do the mechanical act of writing the sum therein in his presence. That was in effect the act of Egelhoff and bound his principal, Ford.

It is urged by counsel for appellees that the appellant was not a holder of this note for value because it was taken in payment of a pre-existing debt. But by the weight of authority the acceptance of a note as payment for a pre-existing debt constitutes a taking in due course of business and for value. And this court has uniformly held that one who takes negotiable paper in payment of a pre-existing debt before maturity and without notice receives it in due course of business, and is a holder for value. *Hamiter* v. *Brown*, 88 Ark. 97; *Bertrand* v. *Barkman*, 13 Ark. 150; *Tabor* v. *Merchants' Nat. Bank*, 48 Ark. 454; *Evans* v. *Speer Hardware Co.*, 65 Ark. 204; *Exchange Nat. Bank* v. *Coe*, 94 Ark. 387; Bigelow on Notes & Bills (2 ed.), 497; *Swift* v. *Tyson*, 16 Pet. 1; *Railroad Co.* v. *Nat. Bank*, 102 U. S. 14.

Furthermore, the evidence in this case tended to prove that the account was past due, and that the note was received in payment thereof, and that thereby the time of payment of the debt was extended to the time of the maturity of the note. This extension of the time of payment of the debt by virtue of the execution of the note was sufficient consideration to make the appellant a holder for value. *Farmer* v. *First Nat. Bank of Malvern*, 89 Ark. 132; *Bank of Commerce* v. *Wright*, 63 Ark. 604; *Van Wyck* v. *Norville*, 2 Humph. 192; *People's Nat. Bank* v. *Clayton*, 66 Vt. 541.

The insertion in the note of a stipulation for the payment of an attorney's fees and costs for the collection of the note did not destroy the negotiable character of the instrument. *Overton* v. *Matthews*, 35 Ark. 146; *Trader* v. *Chidester*, 41 Ark. 242;

*Oppenheimer* v. *Bank,* 97 Tenn. 19. But such a stipulation has been held by this court to be void and not enforceable because it is an agreement for a penalty. *Boozer* v. *Anderson,* 42 Ark. 167.

The appellant also sought a recovery of said attorney's fees, but he is not entitled in this forum to enforce this stipulation. If the validity of the provisions of this note shall be determined by the laws of Tennessee because it was there executed and made payable, and if the laws of Tennessee permit the enforcement of such a stipulation, still it will not be permitted to be enforced in the courts of this State because it is contrary to the policy of our laws. *Arden Lumber Co.* v. *Henderson I. & W. S. Co.,* 83 Ark. 240.

It follows from the above that the court erred in its refusal to give said instruction 9 asked for by the appellant. There are other instructions which were asked for by appellant and which should have been given. We have not deemed it necessary to set these out in detail for the reason that the principles herein announced will sufficiently indicate what instructions should properly be given upon the new trial which must be granted. We are of opinion also that the above instruction given on behalf of appellees is not a correct declaration of law. It is urged that objection was not properly made to the giving of this instruction. We do not think it necessary to pass on this contention for the reason that the judgment must be reversed for the error in refusing to give said instruction number 9 asked for by appellant.

Nor is it necessary to pass upon the appeal from the order of the court refusing to enter a *nunc pro tunc* order as applied for. The portion of the record that appellees thus sought to correct relates only to testimony, which, if it shall be held to have been given by the witness, was disputed by other testimony in the case, and thus became a controverted question of fact. Upon a future trial of this case the testimony of this witness can be fully developed upon this question.

The judgment is reversed, and the cause remanded for a new trial.