## FITZGERALD *v.* McKEE *et al.**

(Division B. Jan. 14, 1929. Suggestion of Error Overruled April 8, 1929.)

[121 So. 127. No. 27313.]

---

*Corpus Juris-Cyc References: Mortgages, 41CJ, section 32, p. 292, n. 29, 33. On question as to law controlling construction and effect of mortgages generally, see 19 R. C. L. 3021, 3 R. C. L. Supp. 929.

*Maynard, Fitzgerald & Venable,* for appellant.

200

*Roberson & Cook,* for appellees.

Argued orally by *Garner W. Green,* for appellant, and *Lake Roberson,* for appellee.

Cook, J. This is an appeal from a decree of the chancery court of the Second district of Coahoma county, dissolving an injunction which had been theretofore granted to restrain the foreclosure of two certain deeds of trust.

The material facts, as shown by the bill of complaint and exhibits thereto, are substantially as follows: On the 31st day of October, 1922, Mrs. Rosa Mays Horner and Mrs. K. M. Lyford, residents of Helena, Arkansas, were each indebted to Mrs. H. M. Orr, also a resident of Helena, Arkansas, in the sum of six thousand twenty-two dollars and fifty-six cents, evidenced by promissory notes, and to secure this indebtedness each of said debtors executed separate deeds of trust on land and property situated in Coahoma county, Mississippi. With the exception of the names of the grantors and the description of the property conveyed, these deeds of trust appear identical in phraseology. This indebtedness was not paid as it matured; and, after it matured, and at a time when a large part thereof was unpaid, the indebtedness and deeds of trust securing the same were transferred to John B. McKee and W. L. McKee. Thereafter, through the firm of Roberson & Cook, as attorneys, the owners and holders of this indebtedness instituted foreclosure proceedings under section 2772, Code 1906, and amendments thereto, by advertising the property for sale under the provisions of the deeds of trust. Subsequent to the publication of notice of sale under the deeds of trust, and prior to the date of the sale, the complainant in the court below, Mrs. Victoria Fitzgerald, purchased from Mrs. Horner and Mrs. Lyford the land and property on which the liens had been created under these deeds of trust,

and thereupon Mrs. Fitzgerald began negotiations with John B. McKee, one of the joint owners of the said indebtedness, and with his attorneys, seeking to pay off the indebtedness and all costs and expenses of the foreclosure proceedings, and thereby end these proceedings. In pursuance of this purpose she wrote a letter to Messrs. McKee, the trustee in the deed of trust, and Roberson & Cook, attorneys for the Messrs. McKee, in which she made an unconditional tender of eight thousand three hundred sixty-two dollars and seventy cents in full settlement of the indebtedness and costs and expenses. To this letter there was attached a receipt in full for the trustee's fees, and attention was called to the fact that proper credit had not been given for the sum of two thousand five hundred fifty-nine dollars and sixteen cents paid by the original debtors, and also to the fact that the notes secured by the deeds of trust were payable in Arkansas and governed by the laws of Arkansas; and the contention was advanced that under the laws of Arkansas, the provision in the notes for the payment of attorney's fees was unenforceable and void, and, consequently, that no attorney's fees were due.

On the following day, the attorneys for McKee addressed a letter to the attorneys for Mrs. Fitzgerald, in response to the letter of tender in which the tender was rejected for two reasons: First, that some of the bills tendered were not legal tender under the acts of Congress; and, second, that the attorney's fees provided for by the two deeds of trust were not included in the tender; and special attention was called to a provision of the two deeds of trust which reads as follows:

"From the proceeds of sale, the trustee shall pay:

"First. The costs and expenses of executing this trust, including a fee to the trustee of five per centum on the amount of said sale, for his services, and a further fee

of ten per centum, on the amount of said notes, for the services of an attorney, as provided by said notes.''

Thereafter Mrs. Fitzgerald's attorneys replied to the letter of Roberson & Cook, attorneys, and renewed the tender, including legal tender notes, with such additional interest as had accrued, and made therein the following statement:

''As we conceive the law, the original contracts, both notes and deeds of trust, were made between citizens of the state of Arkansas, notes payable in Arkansas at the Interstate Bank & Trust Co., at Helena, Arkansas, and the contracts governed by the Arkansas law which forbids the payment of attorney's fees on such notes. Mrs. Fitzgerald therefore will not pay such attorney's fees on these notes.''

No answer was made to the last above-mentioned letter, and thereupon Mrs. Fitzgerald, in order to prevent the sale of the property by the trustee, filed the original bill in this cause and secured the issuance of an injunction writ restraining the sales, and paid into court the amount previously tendered. The bill of complaint set forth, in detail, the facts above stated, and made exhibits thereto the various letters and instruments above referred to; and it is apparent from the bill and exhibits, as well as the concessions of counsel, that the only point in controversy between the parties was the question as to whether or not the complainant was liable for attorney's fees as contended for by the defendants, it being conceded that the complainant was entitled to a credit of two thousand five hundred fifty-nine dollars and sixteen cents, as claimed by her and that the amount tendered was the amount due with the exception of the attorney's fees claimed by the defendants.

To this bill of complaint, the defendants filed a demurrer, alleging as the grounds thereof the following:

''First: There is no equity on the face of the bill.

"Second: The bill shows upon its face that the complainant has failed to do equity, in that she has failed to tender the total amount of indebtedness due under the allegations of said bill.

"Third: The bill shows upon its face that the complainant has failed to tender to the defendants the attorney's fees provided to be paid by the trustee, upon the foreclosure of the Exhibits C and D to the bill of complaint."

A motion to dissolve the injunction upon the demurrer to the bill of complaint was then filed, and, after notice, this motion was heard and sustained, and a decree entered dissolving the temporary injunction and awarding statutory damages of five per cent on eight hundred thirty dollars, attorney's fees found to be due and owing by the complainant; and from this decree the complainant prosecuted this appeal, while the defendant prosecuted a cross-appeal from the action of the chancellor in allowing damages on the amount of the attorney's fees claimed instead of on the entire amount of indebtedness due.

The notes secured by the deeds of trust referred to in the bill of complaint, and discussed at length by counsel in their briefs, do not appear in this record, and, consequently, we cannot know the exact provisions thereof in reference to attorney's fees. The bill of complaint, however, charges, and the demurrer admits, that the contracts between the original parties were made in the state of Arkansas, and that the notes secured by the deeds of trust were executed with the express understanding that the indebtedness and notes evidencing the same should be payable at the Interstate Bank, at Helena, Arkansas, and that this was done for the purpose of securing the advantage of having the notes paid in and governed by the laws of the state of Arkansas, where all the parties lived. In fact, counsel for appellee concedes that the notes are payable in the state of Arkansas and

that the provision of the notes for the payment of attorney's fees was to be governed by the laws of that state, and that under the laws of the state of Arkansas, a provision in a note for the payment of attorney's fee is unenforceable and void is shown by the case of *Holly Grove Bank* v. *Sudbury,* 121 Ark. 59, 180 S. W. 470, Ann. Cas. 1917D, 373, from which we quote the following:

"It is conceded, of course, that this provision for the collection of attorney's fees was invalid prior to the enactment of the Negotiable Instruments Law in this state. . . . There is no doubt as to the policy of this state on this question prior to the enactment of this law. In the case of *Boozer* v. *Anderson,* 42 Ark. 167, it was said that the provision for the payment of an attorney's fee was an agreement for a penalty, and that the courts of this state would not enforce it. This holding was reaffirmed in the case of *Benton* v. *Holliday,* 44 Ark. 60, and *Chaffe & Sons* v. *Landers,* 46 Ark. 371. . . . This holding has been reaffirmed in the subsequent cases of *Arden Lumber Co.* v. *Henderson Iron Works,* 83 Ark. 244, 103 S. W. 185, and *White-Wilson-Drew Co.* v. *Egelhoff,* 96 Ark. 105, 131 S. W. 208. In the case of *Arden Lumber Co.* v. *Henderson Iron Works, supra,* this court refused to enforce a stipulation for an attorney's fee in a note payable in a state where that provision was enforceable. upon the ground that comity did not compel us to enforce contracts which contravene the policy of our own laws.

"It thus appears that the policy of this state was thoroughly well fixed at the time of the enactment of this law. . . . And as we find nothing in the act inconsistent with our previous declaration of the state's policy, we hold that it remains unchanged by the act, and the provision in the note is void."

It thus appears that the provisions of the notes for the collection of attorney's fees, if any, and whatever they may be, are here immaterial, since under the law of

Arkansas any such provision is unenforceable and void, and counsel for the appellant does not contend otherwise. While other points are argued, it is stated in the brief of counsel for appellee that the "real question involved is whether or not Mrs. Fitzgerald shall be required to pay the attorney's fees, if any, as provided by said notes, if any such provision is in the notes." Counsel for appellees agree that the real question involved is the liability of the complainant for attorney's fee, but they contend that "the terms of the deed of trust determine as to whether the injunction was properly dissolved on account of the appellant not having tendered the attorney's fees *as provided for in the deed of trust.*"

In each of the deeds of trust it is provided that:

"From the proceeds of sale, the trustee shall pay:

"First. The costs and expenses of executing this trust, including a fee to the trustee of five per centum on the amount of said sale, for his services, and a further fee of ten per centum, on the amount of said notes, for the services of an attorney, as provided by said notes."

Appellees contend that this stipulation in the deeds of trust either creates a primary obligation for the payment of attorney's fees in the event of foreclosure of the deeds of trust, or makes such attorney's fees a part of the costs of foreclosure for which the lands covered by the deeds of trust are liable, and which the trustee is authorized and required to pay in the event of the sale of the lands, and that such stipulation for attorney's fees is valid under the laws of this state where the mortgaged property is situated and where the validity of the deeds of trust is to be tested and determined.

It is settled law in this state, as well as many other jurisdictions, that the validity of a mortgage and its construction and effect are to be tested and determined by the laws of the state where the mortgaged property is situated; and it is undoubtedly true that in a mortgage

on real estate situated in this state a provision creating a primary or independent obligation to pay attorney's fees in the event of foreclosure of the mortgage is valid and enforceable, although the notes secured thereby may contain no valid provision for such payment. It follows, therefore, that if the provision in reference to attorney's fees which is found in the deeds of trust involved in the case at bar created an independent obligation to pay such fees, either as a primary obligation or debt, or as costs of foreclosure, the decree of the court below was correct and must be affirmed on direct appeal.

The deeds of trust each provide that in the event of a sale of the property conveyed thereby, the trustee should pay from the proceeds of the sale, "first, the costs and expenses of executing this trust, including a fee to the trustee of five per centum on the amount of said sale, for his services, and a further fee of ten per centum, on the amount of said notes, for the service of an attorney, as provided by said notes;" and it is upon this provision that the appellees base their claim of right to collect an attorney's fee of ten per cent on the amount of the indebtedness due and secured by such deeds of trust. We are of the opinion that this provision in the deeds of trust does not create a primary obligation to pay the attorney's fees, or an obligation to pay such fees independent of the provisions of the note, if any, for the payment of such fees, but that it is a mere security for the collection and payment of such attorney's fees as are collectible under the provisions of the notes. The trustee is thereby required to pay ten per cent on the amount of the indebtedness for the services of an attorney, as provided by said notes, and he must look to the notes for the measure of his authority in this respect. The provisions of the notes in reference to attorney's fees determine when and upon what conditions liability for attorney's fees has been incurred, and furnishes the measure of

liability for such fees. Since the notes involved are controlled by the laws of the state of Arkansas, any provision for the payment of attorney's fees is void. There is found in such notes no foundation upon which to base an enforceable liability for such fees, which the trustee in the deeds of trust is authorized to discharge out of the proceeds of a sale of the property covered by the deeds of trust.

The decree of the court dissolving the injunction and dismissing the bill of complaint will therefore be reversed, the injunction reinstated, and the cause remanded.

*Reversed and remanded.*