WILKINSON v. WASHINGTON TRUST CO. OF CITY OF NEW YORK et al.

(Circuit Court of Appeals, Eighth Circuit. May 8, 1900.)

No. 1,311.

1. RECEIVERS—REPORTS—ATTORNEY'S FEES.
    A receiver is not entitled to an allowance for disbursements to attorneys for making reports to the court, involving nothing more than a simple narrative of his acts, and an account of his receipts and disbursements.

2. SAME—COMPENSATION—DISCRETION OF CHANCELLOR.
    A decree of foreclosure against a water and light company allowed the receiver in the suit a certain sum, and appointed him special master to make the foreclosure sale and carry out the decree. Eight months thereafter he filed his reports as receiver and as master in chancery,

and in the latter capacity asked an allowance of $2,500 for his services, but made no request for further compensation as receiver. Thereupon a decree was entered approving his report as master, allowing him the compensation asked, and providing that he turn over to himself, as receiver, the amount remaining in his hands, to meet such liabilities as might be established against the receiver. After four years, upon being directed to file a duplicate of his final account as receiver, he asked an allowance of $2,500 additional compensation, which was refused. *Held*, the discretion of the chancellor would not be reviewed, no abuse being shown.

3. SAME—APPEAL WITHOUT MERIT—INTEREST—PENALTY.

A receiver conceded in his final report that he held $6,676.85 above his demands for reimbursement for fees paid to his attorneys, which had been withheld from the beneficiaries of the trust for about four years. When called upon for an account and payment, he sought to obtain an allowance for attorney's fees and additional compensation in the sum of $3,250, and, upon the same being disallowed, took an appeal, and continued to hold the entire sum in his hands. *Held*, that he should be charged 6 per cent. interest upon the sum in his hands from the date of the order appealed from, and 10 per cent. upon the same amount as damages for the delay caused by the appeal.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

J. M. Moore and W. B. Smith, for appellant.

F. G. Bridges and W. T. Wooldridge, for appellees.

Before SANBORN and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal of Charles B. Wilkinson, the receiver of the property of the Pine Bluff Water & Light Company, from an order of the circuit court which refused to allow him $2,500 additional compensation for his services as receiver subsequent to a decree of foreclosure rendered on January 23, 1893, and which also refused to award him $750 in payment of the services of attorneys at law whom he had employed to prepare and present his reports. In a suit brought by the Washington Trust Company of the City of New York, the trustee for the mortgage bondholders, against the mortgagor, the Pine Bluff Water & Light Company, the appellant, Wilkinson, was appointed receiver of the property of the water and light company on October 24, 1891; and the works of that company were operated under his direction as receiver from that time until some time in September, 1893, when they were delivered to the purchaser under a decree of foreclosure which had been rendered in the case on January 25, 1893. The decree of foreclosure allowed to the appellant, Wilkinson, $6,500 as compensation for his services as receiver, and appointed him special master to make the foreclosure sale and to carry out the provisions of the decree. He sold the property under the decree for $240,000 on April 5, 1893. On December 15, 1894, he filed his report as receiver, and on the same day his separate report as special master. In the reports filed at this time he did not ask for any further compensation as receiver, nor for the payment for services of attorneys in preparing these two reports, although he now complains that he has not been allowed $2,500 additional compensation for his services as receiver between January 25, 1893, and September, 1893, and that he has not been allowed $500 which he paid to Mr. H. D. Wood for preparing and

presenting these reports. When these reports were presented they disclosed the facts that he had paid his attorneys $1,441.50 for legal services and expenses; that he had paid to the solicitors for the complainant, for their services and expenses, $6,500; and that he had paid to himself, as compensation for his services as receiver, $6,500; and in his report as master he prayed that he might be allowed $2,500 as compensation for his services as special master, and that he might "be permitted to pay to himself, as receiver, the balance in cash remaining in his hands, to meet such liabilities as may be established against the receiver, and to be subject to the order of the court herein." Thereupon the solicitors for the complainant stipulated that a decree might be entered, approving this report, and allowing the appellant $2,500 for his services as special master, and that upon turning over to himself, as receiver, the sum of $11,000 then in his hands as master, for the purposes mentioned in his report, he might be discharged as special master. Upon that stipulation an order to that effect was entered, and his reports were confirmed. After the appellant, as master, paid to himself, as receiver, this $11,000 in 1894, he seems to have had no more trouble with his accounts until on November 5, 1898, the court ordered him to file a duplicate of his final account as receiver within 15 days from that date. He did not comply with this order within the time there specified, but on January 23, 1899, he filed a final report, in which he credited himself with $250 paid H. D. Wood, attorney, for legal services in preparing, filing, and obtaining confirmation of his report as special master, with $250 paid to Mr. Wood for legal services in preparing, filing, and obtaining confirmation of his report of December 15, 1894, as receiver, and with $250 paid J. M. Moore and W. B. Smith for legal services in preparing, filing, and obtaining confirmation of his final report as receiver; and after allowing himself these credits he disclosed the fact that he still had in his hands a balance of $6,676.85, out of which he prayed the court to allow him $2,500 additional compensation. The court refused to make the allowance, struck from his credits the three items of $250 for legal services preparing his reports, and adjudged that he should pay over the sum of $7,176.85 to the successors in interest of the bondholders.

There was no error in the order of the court striking out the $750 paid by the appellant for the services of attorneys in preparing and presenting his reports as receiver and master. It is one of the indispensable personal duties of a receiver and of a master to make a report of his acts, and of his receipts and disbursements, to the court which appoints him. If he is incapable of keeping accounts and of reporting his receipts and disbursements, he ought not to accept the appointment. But if he does accept it, and his reports, like those in hand, involve nothing more than a simple narrative of his acts, and an account of his receipts and disbursements, he cannot be permitted to receive compensation for the discharge of these, his personal duties as receiver, and to charge the trust with moneys expended by him to hire others to discharge them for him. Such allowances would pay twice for the same services. In ordinary cases the making and presentation to the court of reports of the acts, receipts, and disbursements of receivers and masters is one of their indispensable duties. The com-

pensation allowed them as receivers or masters pays them for this service, and they cannot be allowed disbursements which they may have made to hire attorneys or others to discharge these duties for them, because such allowances would effect two payments for the same service, and because cestuis que trustent are always entitled to a report of the doings of their trustee, without expense or charge to them. Gunn v. Ewan, 35 C. C. A. 213, 214, 93 Fed. 80, 81.

Nor was there any substantial ground for a challenge of the order of the court below refusing to allow the appellant $2,500 additional compensation as receiver. It is true that from the entry of the decree of foreclosure on January 25, 1893, until September, 1893, the works of the water and light company were operated under the direction of the appellant as receiver. But it is equally true that they were actually operated by one of his employés, to whom the trust estate paid $250 per month for his services, that the court had allowed to the appellant $6,500 for his services as receiver, and that it allowed him $2,500 for his services as special master, during these very eight months between the date of the decree and the delivery of the property to the purchaser. The only question presented by the appeal here is whether it was unreasonable for the court below to refuse to allow him an additional compensation of $2,500. We are of the opinion that the action of the circuit court in the premises was just and right, and, even if the issue were doubtful, we should not disturb or reverse its action unless the record disclosed a clear mistake of fact, or a plain error of law. A court of equity has the power to fix the compensation of the receiver it appoints. He is its creature,—one of the means by which it exercises its power. In the administration of a trust by a court through its receiver, the chancellor, who appoints, supervises and directs his action, necessarily knows, better than any record can teach an appellate court, what his appointee has done, and what is a just and reasonable compensation for his services. His allowances of this character ought to be, and are, largely discretionary with the chancellor, and they should not be disturbed unless there has been a manifest disregard of right and reason. Trust Co. v. McClure, 49 U. S. App. 43, 45, 24 C. C. A. 64, 65, 78 Fed. 209, 210; Trustees v. Greenough, 105 U. S. 527, 537, 26 L. Ed. 1157; Stuart v. Boulware, 133 U. S. 78, 82, 10 Sup. Ct. 242, 33 L. Ed. 568.

The principles and rules of equity to which we have adverted have long been settled, and have been uniformly applied to cases of this character for centuries. In view of this fact, the course which this receiver has pursued is unwarranted and reprehensible. He conceded in his final report that he has had in his possession a balance of $6,676.85, which belonged to the beneficiaries of the trust he was administering ever since 1894. On their petition for an account and for the payment of the balance to them, the court ordered him to make a final report in 1898. In January, 1899, he made his report, in which he sought to obtain from the trust $3,250 more than he was entitled to receive. The court which appointed him, and which had the right to fix his compensation, refused to allow this $3,250, and ordered him to pay to the beneficiaries $7,176.85. He has paid nothing to the beneficiaries,—not even the $6,676.85 which he concedes to be due

to them,—but has presented an appeal without merit to this court, and has thus delayed the payment of the balance he owed for more than a year. Courts and their officers should be active and prompt to pay over to beneficiaries trust moneys in their control, and receivers must not be permitted to prolong their possession of property by frivolous appeals or baseless claims. The order and decree below are affirmed, with costs, and it is further ordered that the court below require the appellant to pay to Messrs. Bridges and Wooldridge, solicitors for the Equitable Securities Company, and James M. Gifford and Charles N. Fowler, receivers of the Equitable Mortgage Company, the beneficiaries of the trust named in the order and decree, in addition to the sum of $7,176.85 named in said order, interest at 6 per cent. per annum on $7,176.85 from April 5, 1899, until said sum and interest is paid, and 10 per cent. of said $7,176.85 damages for the delay caused by this appeal.