### GUARDIAN SAVINGS & TRUST CO. v. ROAD IMPROVEMENT DIST. NO. 2 OF BENTON COUNTY, ARK.

(Circuit Court of Appeals, Eighth Circuit. May 21, 1923.)

No. 6196.

1. **Appeal and error ⊕—705—Allowance of compensation to trustee and counsel not increased, in absence of evidence of value.**

Allowances made to a trustee for bondholders and its counsel, for services rendered in the court which made the allowance, and presumably based on its knowledge of their value, will not be increased by an appellate court, in the absence of evidence of the extent or value of the services.

2. **Highways ⊕—90—Compensation of trustee held payable from fund collected for bondholders.**

Where the agreement under which bonds of a road improvement district were pledged provided that in case of default, making necessary the appointment of a receiver to collect assessments, compensation of the trustee and its counsel should be first paid from the proceeds of collections, and the amount of the assessments is limited by statute, and all will be required for payment of the bonds, allowance to the trustee and counsel is payable from the fund collected for bondholders, and cannot be taxed against the district as costs.

3. **Highways ⊕—135—Statutory limitation on assessment for road improvement.**

Where a statute authorizing issuance of bonds of a district for road improvement fixes a maximum amount which may be assessed on the district, a further provision giving a receiver appointed to collect assessments power to make reassessments is not to be construed as authorizing assessments beyond the limit fixed, but only within that limit.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit in equity by the Guardian Savings & Trust Company against Road Improvement District No. 2 of Benton County, Ark. From an order allowing to complainant trustee and counsel, complainant appeals. Affirmed.

G. B. Rose, of Little Rock, Ark. (J. R. Duty and C. Duty, both of Rogers, Ark., and D. H. Cantrell, J. F. Loughborough, and A. W. Dobyns, all of Little Rock, Ark., on the brief), for appellant.

Harry P. Daily, of Ft. Smith, Ark. (John P. Woods, of Ft. Smith, Ark., and Tom Williams, of Siloam Springs, Ark., on the brief), for appellee.

---

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before STONE, LEWIS, and KENYON, Circuit Judges.

STONE, Circuit Judge. Road improvement district No. 2 of Benton county, appellee, is a public improvement unit organized, with defined powers, rights and liabilities, by a statute of the state of Arkansas. Road Laws 1919, vol. 1, p. 400 and an amendatory unpublished act of 1920. The statute provided that bonds might be issued to care for such improvements, payable by assessments against land within the district. The statute fixed a maximum limit for such assessment within the district at $6,000 per mile of road to be improved. It provided, also, that a receiver might be appointed in case of bond default. The district proceeded with the improvement and disposed of bonds under two similar pledge agreements. By these agreements, appellant was designated as trustee and a certain depository bank named. Upon default in payment under the pledges, appellant filed its bill praying appointment of a receiver to collect and apply "the taxes levied" to the payment of the bonds in accordance with the pledges and for other and for general relief. A receiver was appointed and is, under order of the court, collecting such taxes and remitting the proceeds to the depository bank for payment of the bonds.

Thereafter appellant presented its petition, stating that it "has procured a final decree, under which the bonds of the district secured by the pledge to plaintiff, will be paid," and asked discharge as trustee and allowances for itself and for its counsel. Another petition for allowance of such attorney fees was jointly filed by appellant and by such attorneys. The district, the receiver and certain interveners (taxpayers in the district) resisted the allowances to the appellant and to its attorneys. The court made allowances of $165 to the trustee and $1,000 to its attorneys and ordered such paid by the depository bank "out of the amounts which the receiver shall pay to said Chase National Bank for the bondholders." This appeal is by the trustee from that order of allowance. The claimed errors are that each allowance is inadequate and that the allowances should have been taxed against the district (appellee) as costs instead of made payable from the funds going to the bondholders.

[1] There was no testimony as to services rendered by the trustee or its counsel or as to the value thereof. The court must have based its conclusions in those regards upon its knowledge of what had taken place in court in the proceeding and its familiarity with the value of such services in that locality. The prayer for receivership was confessed, and it does not appear that there were any subsequent contests involving the trustee or that it or its attorneys rendered the receiver any service. We find no basis in the record for increasing the allowances made. Stuart v. Boulware, 133 U. S. 78, 82, 10 Sup. Ct. 242, 33 L. Ed. 568; Braman v. Farmers' L. & T. Co., 114 Fed. 18, 20, 51 C. C. A. 644, and Wilkinson v. Washington Trust Co., 102 Fed. 28, 31, 42 C. C. A. 140, both in this court.

[2] As to the fund from which the allowances should be paid: The validity, under the state Constitution and decisions, of the provisions permitting such allowances is challenged by appellee; but, under the

view we take of another matter decisive of the point involved, we find no necessity for determining this constitutional question and will, therefore, pass it by. The pledges provide that the "trustee shall be entitled to reasonable compensation for all services performed"; that it shall not be required "to take action under this pledge until it shall have been indemnified to its satisfaction by the holder or holders of the bonds above mentioned, or some of them, against loss or expense by reason of taking such action"; and that "if default takes place in the payment of any of the bonds or coupons there shall be paid to the trustee out of the proceeds of said assessment, and before the payment of the interest and principal of said bonds a reasonable compensation to the trustee and such counsel as the trustee may find it necessary to employ"; also, the maximum assessment permitted was $6,000 a mile of improved road. It is charged in the original bill and nowhere controverted that:

"By the terms of the acts controlling the district, its taxing power is limited to an amount equal to $6,000 per mile of the road to be improved, with the addition of the proceeds of the benefits assessed against railroads and tramroads and state and federal aid; and it will require the whole of said sums to pay the bonds secured by said pledges, which are a first lien upon all of the assessed benefits of the defendant district."

From the foregoing, it is evident that the pledge provided for prior payment of such compensation from money coming to bondholders; that the maximum legal assessment will not exceed the bond claims and that no further amount is assessable or collectible from the district.

[3] It was orally argued that section 19 of the statute creating this district permits assessment and collection beyond the above maximum because it provides for reassessment by the receiver, who may be appointed to collect assessments for payment of the bonds. Such construction of that section would entirely destroy the force of that other section in the same statute which prescribes the above maximum in clear and positive terms. The importance of the maximum provision is evident. We cannot think that the Legislature intended to make a clear statement of such requirement in one section only to nullify it, in a practical sense, in another section. Both sections can be preserved in full force by a rational construction of section 19 to mean that reassessment may be made to bring such up to the maximum or to rectify or perfect prior faulty or nonassessments.

The decree is affirmed.