**ST. LOUIS UNION TRUST CO. v. ROAD IMPROVEMENT DIST. NO. 3 OF VAN BUREN COUNTY, ARK.**

(Circuit Court of Appeals, Eighth Circuit. April 17, 1924.)

No. 6418.

Highways ⬤⟿90—Compensation of mortgage trustee held payable from assessment collected for bondholders.

Where the assessment which may be made by a road district for an improvement is limited by statute, and the entire amount is required for payment of the bonds of the district, a provision of the mortgage securing the bonds that in case of default compensation to the trustee and its counsel shall be paid "out of the proceeds of said assessment, and before the payment of the interest and principal of said bonds," required such payment to be made out of money coming to the bondholders, and it cannot be taxed to the district as costs.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit in equity by the St. Louis Union Trust Company, trustee, against Road Improvement District No. 3, of Van Buren County, Ark. From an order making allowances to complainant and its counsel, complainant appeals. Affirmed.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

G. B. Rose, of Little Rock, Ark. (D. H. Cantrell, J. F. Loughborough, and A. W. Dobyns, all of Little Rock, Ark., on the brief), for appellant.

E. G. Mitchell, of Harrison, Ark., for appellee.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge.    This is a bill by the St. Louis Union Trust Company, as trustee for bondholders, against a road improvement district, seeking to enjoin the road district and its depository from diverting certain funds on deposit and to require their application to the payment of overdue bonds and coupons of the district. The trustee secured a default decree wherein the trial judge expressly made certain reservations which included the matter of allowances to the trustee and its counsel. Thereafter the trustee filed an application for such allowances. In this application it set up that theretofore certain property owners of the district had filed a complaint in the state chancery court against the commissioners of the district for the purpose of setting aside the assessment and invalidating the mortgage given to secure the bonds as well as the bonds themselves; that the trustee was made a party to this action (which seems to be still pending); that certain expenses and attorneys' fees were incurred and paid in that action and certain other expenses and attorneys' fees in the prosecution of the present action. The application asked that these allowances be taxed as costs against defendant and that defendant "be required to levy upon its assessment of benefits, a tax sufficient to pay the same." The court made the allowances but provided that they "shall be paid by plaintiff and deducted from the sums going to the holders of the bonds * * * and the prayer of the plaintiff to have said sums taxed as costs and charged against the defendant district is denied." This appeal is brought by the trustee from that part of the order of allowance just above quoted.

The argument by appellant is as follows: That the district is expressly empowered to pledge and mortgage all assessments for the repayment of borrowed money; that the mortgage in this case expressly provided " * * * that if default takes place in the payment of any of the bonds and coupons, there shall be paid to the said trustee out of the proceeds of said assessment, and before the payment of the interest and principal of said bonds, a reasonable compensation to the trustee and such counsel as the trustee may find it necessary to employ"; that such a mortgage is valid; that such provision requires payment of such expenses from the funds of the district and not from that portion of the funds coming to the bondholders under the mortgage.

The answer to this contention is that this court has recently held language identical with that above quoted from the mortgage to mean that such payments shall be made "from money coming to bondholders" (Guardian Savings & Trust Co. v. Road Imp. Dist. No. 2 [C. C. A.] 290 Fed. 152, 154) and we see no reason to change that view.

The decree appealed from should be and is affirmed.