**MERCANTILE TRUST CO. OF ST. LOUIS, MO., v. WILMOT ROAD DIST.**

(Circuit Court of Appeals, Eighth Circuit. April 19, 1926.)

No. 7107.

1. **Mortgages** ⚖➜581 (1), 582.

Federal courts of equity commonly make allowance for trustee's fees and attorney's fees in cases of mortgage foreclosure.

2. **Highways** ⚖➜90—Trustee under mortgage given by road district for security of bonds held not entitled to recover trustee's fees and attorney's fees as costs in enforcing collection (Act Gen. Assem. Ark. Jan. 30, 1920).

Mortgage of assessments given by road district for security of bonds under Act Gen. Assem. Ark. Jan. 30, 1920, providing for compensation to trustee and counsel in case of default, *held* not to permit recovery of trustee's fees and attorney's fees as costs, since public policy of Arkansas does not permit provi-

sions for attorney's fees, and road district was quasi public corporation, having no power except as expressly conferred by statute, which expressly restricted uses of proceeds of bonds, and made no provision for such fees.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Petition by the Mercantile Trust Company of St. Louis, Mo., for taxation as costs against the Wilmot Road District of trustee's fees and attorney's fees. From an order denying the petition, plaintiff appeals. Affirmed.

G. B. Rose, of Little Rock, Ark. (D. H. Cantrell, J. F. Loughborough, A. W. Dobyns, and A. F. House, all of Little Rock, Ark., on the brief), for appellant.

Robert E. Wiley, of Little Rock, Ark., for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. This is an appeal from an order denying petition of appellant, plaintiff below, to have taxed as costs against appellee trustee's fees and attorney's fees.

The short facts are as follows: The Wilmot road district was created by an Act of the General Assembly of the state of Arkansas, approved January 30, 1920. The purpose of the act was to secure the construction of certain roads running from the town of Wilmot. The act appointed three persons commissioners of said district, and provided that they and their successors in office should constitute "a body politic and corporate under the name of the Wilmot road district." This quasi public corporation is the appellee herein. The act further provided for the laying out of certain highways by said commissioners, and for the assessment of damages and benefits in connection therewith by a board of assessors appointed by said act. Among the succeeding steps provided by the act were (1) entry of an order by the county court for an assessment of a tax upon the real property of the district, sufficient to pay the estimated cost of the improvement with 10 per cent. added for unforeseen contingencies; (2) extension of the taxes upon the tax books of the county; (3) collection of the tax by the collector of the county. Section 13 of the act provides:

"In order to do the work the board may borrow money at any rate of interest not exceeding six per cent. per annum, may issue negotiable bonds therefor signed by the respective members of the board and may pledge and mortgage all assessments for the repayment thereof."

Section 19 of the act provides:

"All bonds issued by the commissioners under the terms of this act shall be secured by a lien on all lands, railroads and tramroads in the district;" and, further, "if any bond or interest coupon on any bond issued by said board is not paid within 30 days after its maturity, it shall then be the duty of chancery court of the proper county, on application of any holder of such bond or interest coupon so overdue, to appoint a receiver to collect the taxes aforesaid and an assessor to reassess the benefits if necessary and the proceeds of such taxes and collections shall be applied, after payment of costs, first to overdue interest and then to payment pro rata of all bonds issued by said board which are then due and payable. The said receiver may be directed by suit to foreclose the lien of said taxes on said lands."

Section 20 of the act provides:

"Nor shall it be lawful for said board of said district to appropriate or use any money arising from the sale of any bond or bonds authorized to be issued under this act to any use or purpose whatever other than is herein specified and expressly directed."

Proceeding under these provisions of the act, defendant road district authorized an issue of bonds aggregating $675,000, bearing date August 2, 1920, secured by a mortgage bearing date September 6, 1920, covering the assessments made and to be made. Plaintiff was trustee under the mortgage. Bonds aggregating $571,000 were sold. Default occurred. Plaintiff, pursuant to section 19, brought suit, praying judgment and that a receiver be appointed to collect the taxes and apply the same on the bonds and coupons as they matured. January 4, 1922, a decree was entered, establishing the bonds as valid obligations of the district, secured by a first lien on the assessment of benefits; and directing collection of taxes theretofore levied, and application thereof by a receiver to the payment of the bonds and coupons as they matured. Plaintiff was awarded costs.

Several years after the entry of the decree, plaintiff filed a petition for reimbursement for costs. Various items of court costs including marshal's fees were set forth, and in addition an item of $7,500 alleged to have been paid by plaintiff to its attorneys, also an item of $2,500 as compensation to plaintiff as trustee. The court ruled that the purely court costs had been already provided for by the decree, and that the two items of trus-

tee's fees and attorney's fees could not properly be allowed and taxed as costs against the defendant road district. Plaintiff in open court waived the making of an order for the payment of said fees out of money coming to the bondholders. The petition was thereupon denied. The present appeal followed.

Appellant bases its contention on the general practice of courts of equity in mortgage foreclosure suits of making allowances for services of the trustee and its attorneys, and on the following language contained in the mortgage:

"Said district further agrees that, if default takes place in the payment of any of said bonds or coupons, there shall be paid to said trustee out of the proceeds of said assessments, and before the payment of the interest and principal of said bonds, a reasonable compensation to the trustee and to such counsel as the trustee may find it necessary to employ."

[1] It is common practice for a federal court of equity to make allowances for trustee's fees and attorney's fees in cases of mortgage foreclosure. Dodge v. Tulleys, 144 U. S. 451, 457, 12 S. Ct. 728, 36 L. Ed. 501. And it may be conceded that the general rule would govern in the case at bar, absent any contract provision covering the matter. But we think there is such a contract provision. It is found in the clause from the mortgage above quoted. In construing this language of the contract there are several matters proper to be taken into consideration:

First. For a long time it has been the public policy of the state of Arkansas, established by decisions of its Supreme Court, that provisions in a note or mortgage for payment of an attorney's fee, in case of suit for collection, are unenforceable. Boozer v. Anderson, 42 Ark. 167; Chaffe & Sons v. Landers, 46 Ark. 364, 371; Jarvis v. So. Grocery Co., 63 Ark. 225, 231, 38 S. W. 148; Arden Lumber Co. v. Henderson Iron Works, 83 Ark. 240, 244, 103 S. W. 185; White-Wilson-Drew Co. v. Egelhoff, 96 Ark. 105, 111, 131 S. W. 208; Bank of Holly Grove v. Sudbury, 121 Ark. 59, 180 S. W. 470, Ann. Cas. 1917D, 373.

Second. The road district was a quasi public corporation, having no powers except as expressly conferred by statute. Board of Improvement Sewer District No. 2 v. Moreland, 94 Ark. 380, 127 S. W. 469, 21 Ann. Cas. 957.

Third. The act creating the road district expressly restricted the uses to which the proceeds of the bonds (section 20) might be put, so that the power of the road district in making contracts was correspondingly restricted.

Fourth. The act itself makes no provision for compensation of the trustee or its counsel at the expense of the district.

[2] Viewing the language of the clause above quoted from the mortgage in the light of the foregoing considerations, we reach the conclusion that the true meaning of the clause is that compensation to the trustee and its counsel is to be made from money coming to the bondholders, instead of being taxed as costs against the road district. We are strengthened in this conclusion by the following clause contained in the mortgage:

"The trustee shall not be required * * * to take action under this pledge until it shall have been indemnified to its satisfaction by the holder or holders of the bonds above mentioned, or some of them, against loss or expense by reason of taking said action."

Finally, this court has twice passed upon the construction to be given to similar clauses in mortgages providing for compensation to the trustee and its counsel. Guardian Sav. & Trust Co. v. Road Improvement District No. 2 (C. C. A.) 290 F. 152; St. Louis Union Trust Co. v. Road Improvement District No. 3 (C. C. A.) 299 F. 292. In both of these cases the same conclusion was reached as in the case at bar; and the present appeal would have been disposed of by simply citing those two cases were it not for the earnest insistence of counsel that the case at bar is distinguishable. It is contended that the reason for the ruling in those cases was that it appeared that the entire assessment of benefits would be required for the payment of the bonds issued, and therefore that there would be no fund from which fees for the trustee and its counsel could be paid, and that this does not appear in the case at bar. It is true that such were the facts in the Guardian Sav. & Trust Company Case, but such facts do not appear from the decision nor from the record in the St. Louis Union Trust Company Case. Furthermore, the broad ground of both decisions was that the language of the clause in the mortgage, providing for compensation to the trustee and its counsel, meant that such payments should be made "from money coming to bondholders." The two cases are not distinguishable from the case at bar and are decisive thereof.

Order affirmed.