then refused to rehire her, because of her union activities, in violation of sections 8(a) (3) and 8(a) (1) of the Act. The Board has filed a cross-petition seeking enforcement of its order.

Resolution of the contentions of the parties has required a detailed examination of the record below. We have made that examination, and we have concluded that the Board's challenged findings are adequately supported by the record.

No useful purpose would be served by reciting each detail of the evidence. The parties are aware of the contents of the record, their counsel know from the colloquy at oral argument that the court was well informed on the subject, and the recitation would be of no value as precedent.

The petition to set aside the Board's order is denied, and the Board's order is directed enforced in full.

Sam Sexton, Jr., of Sexton & Wiggins, Fort Smith, Ark., for appellants; Eddie N. Christian, Fort Smith, Ark., on the brief.

W. B. Putman, Fayetteville, Ark., for appellee; John H. Fitzhugh, Fort Smith, Ark., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

### SECURITIES AND EXCHANGE COMMISSION, Appellee,

v.

### ARKANSAS LOAN AND THRIFT CORPORATION et al., Appellants.

No. 19735.

United States Court of Appeals, Eighth Circuit.

June 8, 1970.

PER CURIAM.

This is an appeal from a judgment and order authorizing the equity receiver of Arkansas Loan and Thrift Corporation (A. L. & T.), United Loan and Investment Company and Savings Guaranty Corporation (Savings) to settle a claim against Fireman's Fund Insurance Company, the fidelity bond carrier of A. L. & T. and Savings. The facts involved in this dispute are reported at 297 F. Supp. 73 and need not be discussed here.[1]

The appellants claim that the trial court incorrectly interpreted the fidelity bond involved in this case, and therefore erred in approving the settlement.

1. For further discussion of this receivership, see 294 F.Supp. 1233, aff'd, 422 F.2d 475.

■■ Any action by a trial court in supervising an equity receiver is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse. In re Albert Harris, Inc., 6 Cir., 313 F.2d 447, 449; In re California Associated Products Co., 9 Cir., 183 F.2d 946, 949; MacDonald v. Aetna Indemnity Co., 88 Conn. 571, 92 A. 154, 157; Gordon v. Hartford Sterling Co., 319 Pa. 174, 179 A. 234, 237–238. Under this rule, we need not pass on the merits of the trial court's interpretation of the bond beyond a finding that there has been no abuse of discretion. We have reviewed the record in this case and find no abuse of discretion in the approval of the receiver's settlement.

The judgment of the trial court approving the settlement is affirmed.

James Burney COOK, Plaintiff-Appellant,

v.

S. Lamont SMITH, Warden, Georgia State Prison, Defendant-Appellee.

No. 28836

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 17, 1970.

James Burney Cook, pro se.

Floyd Buford, Byrd, Groover & Buford, Macon, Ga., for appellant.

Arthur K. Bolton, Atty. Gen. of Georgia, Atlanta, Ga., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing.

Appellant, James Burney Cook, was convicted of two counts of burglary on November 24, 1965. The conviction was affirmed on appeal, Cook v. State, 116 Ga.App. 304, 157 S.E.2d 160. This habeas corpus proceeding, begun on April 6, 1969, is the appellant's second. In the first such proceeding filed March 4, 1968, relief was denied.