# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2973
_____

United States of America

*Plaintiff - Appellee*

v.

Douglas A. Kelley

*Receiver - Appellee*

Thomas Joseph Petters

*Defendant*

Ritchie Capital Management, L.L.C.; Ritchie Special Credit Investments, Ltd.;
Rhone Holdings II, Ltd.; Yorkville Investment I, L.L.C.; Ritchie Capital
Management SEZC, Ltd., formerly known as Ritchie Capital Management, Ltd.

*Intervenors - Appellants*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 11, 2023
Filed: June 9, 2023

_____

Before SMITH, Chief Judge, COLLOTON and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Ritchie Capital Management, LLC fell victim to a massive Ponzi scheme. ***Ritchie Special Credit Invs., Ltd. v. JPMorgan Chase & Co.***, 48 F.4th 896, 897 (8th Cir. 2022). Ritchie seeks recovery outside the receivership. But settlement agreements and bar orders prevent recovery. The district court[1] approved the receivership's final accounting and a previous bar order. Claiming abuses of discretion, Ritchie appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Thomas Petters perpetuated a billion-dollar Ponzi scheme to defraud investors. *See **United States v. Petters***, 663 F.3d 375, 378 (8th Cir. 2011) (affirming his conviction and 50-year prison sentence). This court is familiar with Petters's scheme and Ritchie's claims.[2]

The district court appointed Douglas A. Kelley as receiver of the receivership for Petters and his affiliates. In bankruptcy, the receivership negotiated settlements to facilitate recovery for victim-creditors like Ritchie. One settlement was with JPMorgan. "Accompanying the settlement were 'bar orders,' which prohibited creditors from asserting related claims in other cases." ***Ritchie Special Credit***, 48

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

[2]*See, e.g.,* ***Ritchie Capital Mgmt., LLC v. JP Morgan Chase & Co.***, 960 F.3d 1037 (8th Cir. 2020); ***Ritchie Capital Mgmt., LLC v. BMO Harris Bank, N.A.***, 868 F.3d 661 (8th Cir. 2017); ***Opportunity Fin., LLC v. Kelley***, 822 F.3d 451 (8th Cir. 2016); ***Ritchie Capital Mgmt., LLC v. Kelley***, 785 F.3d 273 (8th Cir. 2015); ***Ritchie Capital Mgmt., LLC v. Stoebner***, 779 F.3d 857 (8th Cir. 2015); ***Ritchie Capital Mgmt., LLC. v. Jeffries***, 653 F.3d 755 (8th Cir. 2011); ***Ritchie Special Credit Invs., Ltd. v. United States Trustee***, 620 F.3d 847 (8th Cir. 2010); ***United States v. Ritchie Special Credit Invs., Ltd.***, 620 F.3d 824 (8th Cir. 2010).

F.4th at 898. Ritchie continues to seek recovery outside the receivership, at the risk of violating these bar orders and jeopardizing the settlements.

In this appeal, Ritchie alleges the district court abused its discretion by approving the final accounting of the receivership and the bar order from the JPMorgan settlement—both approved by the bankruptcy and district courts. *See In re Petters Co.*, No. 08-45257, slip op. at 6 (Bankr. D. Minn. May 3, 2018); *United States v. Petters*, No. 08-5348, slip op. at 4-5 (D. Minn. May 21, 2018). This court reviews the district court's oversight of a receiver and its approval of stipulations for clear abuse of discretion. *See SEC v. Quan*, 870 F.3d 754, 759 (8th Cir. 2017), *citing SEC v. Arkansas Loan & Thrift Corp.*, 427 F.2d 1171, 1172 (8th Cir. 1970) ("Any action by a trial court in supervising an equity receiver is committed to his sound discretion and will not be disturbed unless there is a clear showing of abuse.").

II.

Ritchie argues that the district court abused its discretion by approving the final accounting of the receivership because it: is "woefully inadequate" and "fails to meet any minimum standard;" enables the receiver to control receivership records and charge parties for access to its records; and fails to identify the receivership entities.

A.

Ritchie waived its ability to bring these claims. The receiver, the government, and Ritchie reached a settlement stipulation in 2019, which the district court approved. *See United States v. Petters*, No. 08-5348, slip op. at 2 (D. Minn. May 14, 2019). The government and the receiver agreed not to oppose Ritchie's motion to lift a stay on Ritchie's litigation against Petters. In exchange, Ritchie agreed

> not to file any additional motions against the Petters Receivership, or
> make any additional requests, or otherwise take any other action in the

> Petters Receivership unless it is necessary to clarify or interpret the scope and terms of this Stipulation.

*Id.*

Ritchie believes the receiver cannot now invoke the stipulation because he did not raise it in the district court when Ritchie objected to the final accounting. *See Wever v. Lincoln County*, 388 F.3d 601, 608 (8th Cir. 2004) ("Ordinarily, this court will not consider arguments raised for the first time on appeal."). *Cf. United States v. Hirani*, 824 F.3d 741, 751 (8th Cir. 2016) ("However, we may consider a newly raised argument if it is purely legal and requires no additional factual development . . . ."). Whether Ritchie waived its ability to object to the final accounting is a purely legal issue requiring no additional factual development. This court may consider the receiver's argument about the stipulation.

Ritchie claims that it is not prevented from objecting to the final accounting because the objection is "not seeking the return of any funds" and involves "an accounting of the assets of Petters, which impacts [its] rights as judgment creditors and lien holders in Illinois" and "an identification of the creditors of Petters, which impacts [its] rights in another case."

To the contrary, objecting to the final accounting of the receivership is to take an action in the receivership—which Ritchie agreed not to do. *See Farley v. Benefit Tr. Life Ins. Co.*, 979 F.2d 653, 659 (8th Cir. 1992) ("A waiver is a voluntary and intentional relinquishment of a known right."). *Cf. Brown v. Gillette Co.*, 723 F.2d 192, 193 (1st Cir. 1983) ("[T]hose who give up the advantage of a lawsuit in return for obligations contained in a negotiated decree, rely upon and have a right to expect a fairly literal interpretation of the bargain that was struck and approved by the court."). Ritchie voluntarily and intentionally relinquished its right to object to the final accounting.

B.

Regardless, on the merits, Ritchie acknowledges: "This Court has not articulated a clear standard for what a receiver must include in a final account." Ritchie relies on a case involving the denial of add-on fees, not the scope of a final accounting. *See Wilkinson v. Washington Tr. Co.*, 102 F. 28, 30 (8th Cir. 1900) ("If [the receiver] is incapable of keeping accounts and of reporting his receipts and disbursements, he ought not to accept the appointment. But if he does accept it, and his reports . . . involve nothing more than a simple narrative of his acts, and an account of his receipts and disbursements, he cannot be permitted to receive compensation . . . ."). Ritchie's case does not address, or create a heightened standard for, receivership final accountings.

The district court ordered the receiver to file a final accounting that "shall include a description of the value of all assets taken into the receivership and all expense associated with the receivership." The receiver's final accounting complies with this order. It describes the total value of assets subdivided by sources of recovery, the total value of expenses subdivided by type, and the total amount of distributions made by the receivership to creditors. Absent authority to the contrary—which Ritchie does not provide—the district court did not clearly abuse its discretion by approving a final accounting that complied with its instructions.

Ritchie argues that the district court abused its discretion by approving record-retention policies that allow the receivership to charge parties to access the records. Again, Ritchie fails to support this argument with authority. It proposes that an "interested party should be allowed access" and victims "of a crime should not have to pay to access documents," but Ritchie's cases address only courts that, in Ritchie's words, "permit the property to be returned to the owner upon termination of the receivership." *See, e.g., Global NAPs, Inc. v. Verizon New England, Inc.*, 389 F. Supp.3d 144, 145-46 (D. Mass. 2019).

The district court found that, because the entire library of receivership records "cannot be made available to the public or to requesting parties because some of the records have been obtained pursuant to confidentiality agreements and protective orders," "it is reasonable to require a requesting party to pay for the costs incurred in the production." The district court did not clearly abuse its discretion in approving the receivership's record retention and access policies and requiring payment for production of those records.

Ritchie claims the final accounting is particularly deficient for not identifying every entity in the receivership. Again, Ritchie provides no authority for this heightened standard. The district court did not expressly require the receiver to list every entity in the receivership, noting that much of the information Ritchie seeks is available in the 3,200-plus submissions on the docket.

## C.

In sum, the district court ordered the receiver to prepare and file a final accounting. The district court established the requirements that, in its sound discretion, the receiver satisfied in the final accounting. Ritchie fails to identify a clear abuse of discretion in the district court's approval of the final accounting and, regardless, waived its right to do so.

## III.

Ritchie alleges that the bar order from the settlement with JPMorgan either violates its due process rights or, in the alternative, must be vacated because the district court did not have subject matter jurisdiction to approve it. Ritchie agreed at oral argument that the jurisdictional claim is foreclosed by a recent Eighth Circuit case. *See **Ritchie Special Credit Invs., Ltd. v. JPMorgan Chase & Co.***, 48 F.4th 896, 897 (8th Cir. 2022). The due process claim is as well.

This court held that Ritchie lacked standing to pursue an aiding and abetting claim against JPMorgan: "Under bankruptcy law, the cause of action now belongs to the trustees." *Id.* at 899. "To protect the settlement, two courts issued bar orders preventing creditors like Ritchie from asserting any claims that 'belong or belonged to one or more of the bankruptcy trustees.'" *Id.* (cleaned up), *quoting **In re Petters Co.***, No. 08-45257, slip op. at 6 (Bankr. D. Minn. May 3, 2018); ***United States v. Petters***, No. 08-5348, slip op. at 4-5 (D. Minn. May 21, 2018). "Those orders, along with general bankruptcy-standing doctrine, prevent Ritchie from pursuing JPMorgan separately." *Id.* Although Ritchie raises arguments about the validity and constitutionality of the settlement and the bar order—claims not directly at issue on appeal in *Ritchie Special Credit*—the holdings in *Ritchie Special Credit* nonetheless compel affirmance.

Ritchie argues that the bar order should be vacated because it violates its due process rights. *See **Ritchie Special Credit***, 620 F.3d at 835 ("Due Process requires adequate notice and procedures to contest the deprivation of property rights."). But Ritchie must identify a deprived protected right. Even with the bar order, Ritchie can still pursue personal claims against JPMorgan in an individual lawsuit. *See **Ritchie Special Credit***, 48 F.4th at 899 ("If it is personal to a specific creditor, on the other hand, then it is fair game for an individual lawsuit." (quotation omitted)).

The only deprivation Ritchie identifies is its ability to bring claims general to the bankruptcy estate. But this court has held that Ritchie cannot bring those claims due to both bankruptcy-standing doctrine and the bar orders. *See id.* ("If the claim is general to the bankruptcy estate, then only the trustee may bring it, not an individual creditor."). "Those [bar] orders, *along with general bankruptcy-standing doctrine*, prevent Ritchie from pursuing JP Morgan separately." *Id.* (emphasis added) ("The same goes for the fraudulent-transfer claims against JP Morgan. . . . We have long held that *only* a trustee can bring them. Individual creditors like Ritchie, by contrast, lack standing to do so.").

Because bankruptcy-standing doctrine independently prevents Ritchie from bringing claims related to the bankruptcy estate, and because Ritchie can still pursue personal claims against JPMorgan, Ritchie cannot identify a protected right that is deprived here. *Cf.* ***Zacarias v. Stanford Int'l Bank, Ltd.***, 945 F.3d 883, 899 (5th Cir. 2019) ("It is necessarily the case that where a district court appoints a receiver to coordinate interests in a troubled entity, that entity's investors will have hypothetical claims they could independently bring but for the receivership: the receivership exists precisely to gather such interests in the service of equity and aggregate recovery."). Without the deprivation of a protected right, Ritchie's due process claim fails.

In its brief, Ritchie suggested the bar order must be vacated because the district court did not have subject-matter jurisdiction to adjudicate the receiver's original fraudulent-transfer claims against JPMorgan because the receiver did not have standing to bring the fraudulent-transfer claims. *See* ***Dalton v. NPC Int'l, Inc.***, 932 F.3d 693, 696 (8th Cir. 2019) ("A dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction."); ***Auer v. Trans Union, LLC***, 902 F.3d 873, 877 (8th Cir. 2018) ("Federal jurisdiction is limited by Article III of the Constitution to cases and controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction.").

This argument is foreclosed as well. *See* ***Ritchie Special Credit***, 48 F.4th at 899 ("The same goes for the fraudulent-transfer claims against JP Morgan. . . . We have long held that *only* a trustee can bring them. Individual creditors like Ritchie, by contrast, lack standing to do so."). Because the receiver had standing to bring the fraudulent-transfer claims on behalf of the receivership, and because entities in the receivership suffered injury-in-fact, Ritchie's claim that the district court lacked subject-matter jurisdiction fails.

The district court did not clearly abuse its discretion by approving the receivership-JPMorgan settlement and bar order.

* * * * * * *

The judgment is affirmed.

_____